BERNHARD DAVIDSBURGH, Appellant, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY, Respondent.

When the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants.

The provision of the act of 1870, in reference to the City Court of Brooklyn (Subd. 5, § 2, chap. 470, Laws of 1870) conferring jurisdiction on that court, "where any of the defendants shall reside or be personally served with the summons within the said city," applies to natural persons and not to corporations.

In an action in said court, commenced in 1872, against a domestic corporation, the summons was served upon the secretary of the defendant, in the city of Brooklyn, where he resides. Defendant appeared generally in the action and answered, and in no manner before trial complained that it was not regularly in court, or that the court had not jurisdiction. On the trial it appeared that defendant was established and transacted its general business in the city of New York, and at the close of plaintiff's case, the court, on motion of the defendant's counsel, dismissed the complaint for want of jurisdiction. *Held* no error ; that the court could not acquire jurisdiction of the action by consent, and might, whenever its attention was called to the matter, refuse to exceed the powers conferred upon it by the statute.

(Argued November 15, 1882 ; decided December 15, 1882.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 30, 1880, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial on the ground of want of jurisdiction.

This action was commenced in 1872, by the service of the summons on defendant's secretary in the city of Brooklyn,

where he resided, and was brought to recover damages alleged to have been occasioned by false representations, whereby plaintiff was induced to accept a policy of life insurance issued by the defendant, a corporation organized under the laws of this State. The answer admitted defendant's organization and the issuing of the policy, and denied the other allegation of the complaint.

It appeared, from plaintiff's evidence on the trial, that defendant was established and transacted its general business in the city of New York.

*Henry . Wehle* for appellant. The service of process upon the defendant within the city of Brooklyn gave the court jurisdiction. (Laws of 1870, subd. 5, chap. 478, § 2; 2 R. S. [Edm. ed.], part 4, chap. 1, title 7, § 35, p. 726; Laws of 1857, chap. 536, § 3; Constitution, art. 8, § 3; *Barnes* v. *Harris*, 4 N. Y. 375; Code of Civil Procedure, §§ 263, 264.) The service of the summons was not impeached by defendant, it recognized the service as valid and appeared and answered without raising the question of jurisdiction. (*Braunneck* v. *Knickerbocker Life Ins. Co.*, 1 Abb. N. C. 393.) Defendant was estopped from raising the question of jurisdiction. (*Ward* v. *Roy*, 69 N. Y. 96; *Anderson* v. *Reilly*, 66 id. 191; *Wheelock* v. *Lee*, 74 id. 495; *McConnica* v. *Pa. R. R. Co.*, 49 id. 303; *Hoag* v. *Lamont*, 60 id. 96; *Speyer* v. *Fischer*, 37 N. Y. Supr. Ct. 93; *Estel* v. *Bracken*, 38 id. 7; *At. & P. Tel. Co.* v. *B. & O. R. R. Co.*, 87 id. 358.)

*Henry W. Johnson* for respondent. The City Court of Brooklyn is a local one, and is possessed only of such jurisdiction as it had at the time of the adoption of article 6 of the Constitution, or as it has since acquired by law. (*Landers* v. *S. I. R. R. Co.*, 53 N. Y. 450; *Wheelock* v. *Lee*, 74 id. 495; *Hoag* v. *Lamont*, 60 id. 96.) As defendant is a domestic corporation transacting its general business in the city of New York, and the cause of action against it did not arise in the city of Brooklyn, and the corporation was not established by law therein, the court had no jurisdiction, either of the action

or of the defendant, and therefore the complaint was properly dismissed. (*Landers* v. *Staten Island R. R. Co.*, 53 N. Y. 450; *Wheelock* v. *Lee*, 74 id. 495; *Brauneck* v. *Knickerbocker Life*, 1 Abb. N. C. 393.) Jurisdiction was not conferred by the failure of the defendant to set up the want of it in its answer. (*Coffin* v. *Tracy*, 3 Caines, 128; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Burckle* v. *Eckhart*, id. 132, 137; *Landers* v. *S. I. R. R. Co.*, 53 id. 450.)

DANFORTH, J. It is conceded by the appellant's counsel that this action was commenced on the 19th of February, 1872. The question upon this appeal, therefore, is to be determined by the law in force at that time, viz. : The act of 1870 (Chap. 470), entitled "An act to increase the number of judges of the City Court of Brooklyn, and to regulate the civil and criminal jurisdiction thereof," and not under the Code of Civil Procedure, for that statute was not then in force, nor are its provisions made applicable to actions theretofore pending.

The appellant's difficulty is not with the cause of action. That originated in a fraud practiced by the defendant upon the plaintiff, and for the damages so occasioned he could at common law bring his action in any county, if the court had general jurisdiction, and although the City Court of Brooklyn is local in its character, its power extends in such a case over all persons and corporations found by its process within the city limits. But it appears by the record that although the defendant is a domestic corporation, it was neither established in that city nor did it there transact its general business. Therefore it is not within the description of corporations over which the act of 1870, *supra* (§ 2), extends the jurisdiction of the court. In that respect it is limited (Subd. 6) "to actions against corporations created under the laws of this State, and transacting their general business within the said city, or established by law therein." Nor is the appellant aided by subdivision 5 of section 2 (Act of 1870, *supra*), which confers jurisdiction in actions "where any of the defendants shall reside, or be personally served with the summons within the said city." A

corporation may, in a certain sense, be said to reside in the place of its location, or at the place where its business is transacted, but if these words should be deemed applicable here, it is plain, from what has been already said, that neither condition has attached to the defendant, and we agree with the court below in the opinion that both clauses of this subdivision apply to natural persons, who may properly be said to reside in a particular place, or who may be there personally served, rather than to an artificial body which in fact has no personality.

It is, however, obvious that the object of all service was accomplished. The defendant was reached in a manner satisfactory to itself. It appeared generally in the action by its attorney, and in no manner before trial complained that it was not regularly in court, or that the court had not jurisdiction either over it, or the cause of action. Such appearance, the appellant contends, was equivalent to personal service of the summons, and that the defendant should be deemed to have waived irregularity in that respect, if any there were. This question was presented to the General Term of the City Court of Brooklyn in 1876, in the case of *Brauneck* v. *Knickerbocker Life Ins. Co.* (1 Abbott's New Cases, 393), and the court held, under circumstances similar to those before us, that the objection was well taken.

In *Landers* v. *The Staten Island R. R. Co.* (53 N. Y. 450), the action was brought in the City Court of Brooklyn to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant. It appeared that the defendant had no office or place of business in Brooklyn. The summons and complaint were served in the city of New York. The court held that such service was insufficient to confer jurisdiction. There the defendant also appeared and answered, but set up the want of jurisdiction, and the court held the objection must prevail.

In the present case the defendant did not take the objection by its answer, but at the end of the plaintiff's case. The point of time does not seem material. The court could not acquire jurisdiction by consent, and might, whenever its attention was

called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact. (*Risley* v. *Phenix Bank,* 83 N. Y. 318, 337; 38 Am. Rep. 421; *Wheelock* v. *Lee,* 74 N. Y. 495; *Hoag* v. *Lamont,* 60 id. 96.)

The court below, therefore, committed no legal error in declining jurisdiction in this instance, and the judgment appealed from should be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.