## ROSA FUNCK v. BRYAN SMITH.

The District Court of one city may entertain a suit against a resident of another city in which a District Court exists, provided the defendant does not, in time, object thereto; and if he goes to trial without raising the objection, the jurisdiction of the court will be complete.

On *certiorari*.

Rosa Funck, the plaintiff in *certiorari*, resided in Hoboken, and was in possession of a mare. Bryan Smith, the defendant in *certiorari*, claimed that the mare had been stolen from him, and caused a search warrant to be issued by a justice of the peace in Jersey City for the seizure of the mare. Upon the seizure, the plaintiff employed an attorney-at-law in Jersey City to protect her interests before the justice. This attorney thereupon arranged with Smith that he should institute an action of trover for the mare, against the plaintiff, in the First District Court of Jersey City, which was accordingly done, " by consent, without issuing a process," as the District Court docket states. Before the day set for trial, the attorney notified the plaintiff that there would be a trial at the city hall, in Jersey City, in the District Court, and she must bring her witnesses. She asked him if she could not have the trial in Hoboken, and understood him to say that she would have to go to Jersey City. She knew that the matter to be tried was whether she or Smith owned the mare. On the day appointed for trial, the prosecutor with her witnesses appeared before the District Court, a trial was had in which she herself testified, and the verdict and judgment were in Smith's favor.

The prosecutor now seeks the reversal of that judgment, upon the ground that the District Court had no jurisdiction.

Argued at June Term, 1884, before Justices KNAPP and DIXON.

For the plaintiff in *certiorari*, *Gilbert Collins*.

For the defendant in *certiorari*, *Jas. D. Manning*.

The opinion of the court was delivered by

DIXON, J. One reason presented for denying the jurisdiction of the District Court is that the attorney had no authority to consent to the institution of the suit. This need not be

considered, because the prosecutor herself, with knowledge of all the material facts on which her rights depended, ratified what her attorney had done by personally appearing and contesting the action. *Story on Agency*, § 243.

The other reason for denying jurisdiction is that the District Court in Jersey City had no legal power to entertain a suit against the prosecutor, she being a resident in Hoboken, and there being a District Court in that city.

This claim is based upon the sixth section of the act constituting District Courts, (*Rev.*, *p.* 1300,) which, after making every suit of a civil nature at law, involving not more than a specified sum, cognizable in those courts, declares that said courts shall have jurisdiction, *exclusive* of all other courts whatever, in all cases arising under the act, where the party defendant resides within the limits of the city wherein said court or courts shall be established. The counsel for the prosecutor contends that this clause imposes a limit to the jurisdiction of each court, beyond which its judicial function cannot be exercised; that if the defendant in any action resides in a city where a District Court exists, no other District Court has the capability of acquiring jurisdiction over that particular controversy. Thus, he seeks to bring the case within the principle that consent cannot confer jurisdiction over a matter not otherwise within the cognizance of the court.

This claim makes it necessary to note the distinction existing between jurisdiction over subject matter and jurisdiction over persons. By the former is generally intended lawful authority to try and decide the questions involved, considered apart from the litigants themselves; by the latter, lawful judicial authority over those litigants. Sometimes the law under which a tribunal is organized confers jurisdiction in such terms that the *status* of parties is evidently designed to constitute one of the legal bases of authority. Thus, in the grant of judicial power to the government of the United States, the citizenship of parties is made a condition of jurisdiction. *U. S. Const.*, *art. III.*, § 2. In actions brought in the federal courts under this grant, the essential fact of citizenship must be averred

upon the record, or the courts cannot lawfully proceed. *M. C. & L. M. Railway Co.* v. *Swan*, 111 *U. S.* 379. So, in the creation of certain strictly local courts within the State of New York, the jurisdiction was expressly limited to cases in which the cause of action arose within a designated territory, or the subject of the action was situated, or the defendant resided or was served with process, within that territory. Thereupon it was held that some one of these elements of locality must exist to confer upon the court jurisdiction of the cause, and that to extend the jurisdiction to causes not thus localized would strip the courts of the local character with which the legislature had clothed them. *Wheelock* v. *Lee*, 74 *N. Y.* 495 ; *Davidsburgh* v. *Insurance Co.*, 90 *N. Y.* 526. In such instances as these, the *status* of the litigants is ranked with the subject matters in controversy, as denoting a class of causes to which the jurisdiction is confined, because of the precise terms in which the limited jurisdiction is granted.

But in our act constituting District Courts, jurisdiction over causes does not seem to be made dependent upon the *status* of litigants. No restrictive terms so confining it appear. Every suit of a civil nature at law, involving not more than a designated sum, and except certain specified causes of action, is made cognizable in these courts. The boundaries of jurisdiction are thus determined by the nature of the controversy, and not by the place of its origin or the *status* of the parties. The added clause, giving each court exclusive jurisdiction over such suits when the parties defendant reside within the city where the court is held is not necessarily, nor most reasonably, to be regarded as detracting from the previous grant, but possesses merely a force quite consistent with it. The office of this clause is to secure to the residents of these cities the privilege of having suits against them, within the act, brought only in that tribunal which is convenient for them. It indicates simply the persons who may not be compelled to submit to other jurisdictions. The exemption granted thus appears to be a mere personal privilege, and therefore those who have it may waive it at pleasure. If a defendant so favored be sued

before some other tribunal and designs to avail himself of his privilege, he must either plead to the jurisdiction (3 *Blackst.* 298,) or move in time to be discharged. Pleading generally or going to trial without objection renders the authority of the court complete. *Toland* v. *Sprague,* 12 *Peters* 300; *McCormick* v. *P. R. R. Co.,* 49 *N. Y.* 303.

We are therefore of opinion that the court below had jurisdiction of the cause, and its judgment must be affirmed, with costs.