## KIRCHNER v. GEORGE C. FLINT CO.

*(City Court of Brooklyn, General Term.*  November 24, 1890.)

**1. COURTS—ORIGINAL JURISDICTION—PLACE WHERE CAUSE OF ACTION AROSE.**
    The provision of Code Civil Proc. N. Y. § 263, that the jurisdiction of the superior city courts shall extend to actions where the cause of action arose within the city, is not contrary to any provision of the constitution of the state.

**2. SAME—ACTIONS AGAINST CORPORATIONS.**
    Said provision applies to actions against domestic corporations as well as to actions against individuals.

Appeal from trial term.

Action by Charles C. Kirchner against the George C. Flint Company, a corporation. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Abraham Kling*, for appellant.  *Hector M. Hitchings*, for respondent.

CLEMENT, C. J.  The only question raised on this appeal worthy of consideration is as to the jurisdiction of the court. The defendant is a domestic corporation, and its place of business is located in New York city. The cause of action, as appears by the record, arose in Brooklyn. Section 263 of the Code provides that the jurisdiction of the court extends "to an action for any other cause where the cause of action arose within that city." Such a provision was clearly within the spirit of the constitution, and there is no authority or intimation in any decision of the court of appeals to the contrary.

In *Landers* v. *Railroad Co.*, 53 N. Y. 450, 459, Judge ALLEN said: ".The jurisdiction attempted to be exercised here is in respect to a cause of action originating outside of the city, and over a corporation not located or having a place of business within the city.    Until this new meaning of the revised judicial article of the constitution was discovered, the jurisdiction of city, county, and other local courts was confined to causes of action originating within the territorial limits of the tribunal, or to cases in which the party proceeded against resided in or was served with process within the jurisdiction." See, also, *Hoag* v. *Lamont*, 60 N. Y. 96; *Davidsburgh* v. *Insurance Co.*, 90 N. Y. 526.    Under section 263 of the Code a domestic corporation is on the same footing as an individual.    Judgment and order denying new trial affirmed, with costs.