### McCarty v. Parker et al.

*(Superior Court of New York City, Special Term.  January, 1891.)*

APPEARANCE—EFFECT—WAIVER OF DEFECT IN SERVICE OF PROCESS.

> Where the service of the summons on defendants within the city limits is the only ground on which the jurisdiction of the superior court of New York city can be sustained, a general appearance by defendants, who were not so served, does not confer jurisdiction on the court, nor preclude defendants from raising the objection.

Plaintiff, McCarty, a stockholder in a corporation, brought this action against Parker and others, trustees of the corporation, to compel defendants to account.  He also asked for an injunction and the appointment of a receiver.  Plaintiff now moves for the continuance of an injunction obtained by him.  Defendants object, on the ground that the summons in the action was not served on them in the city of New York.

*Donohue, Newcombe & Cardozo,* for plaintiff.  *August Reymert,* for defendants.

TRUAX, J.   The court of appeals held in *Wheelock* v. *Lee*, 74 N. Y. 495, 5 Abb. N. C. 80, that the jurisdiction of a superior city court was limited to cases in which the cause of action arose within its territorial limits, and cases in which the subject of the action was situated, or the party proceeded against resided or was served with process within those limits, and that some one or more of these elements of locality must exist to confer upon the court jurisdiction of the same.   Judge RAPALLO, who wrote the opinion, then proceeds to say: "It follows that, where none of them exist, a mere appearance does not preclude the defendant from taking the objection.   Where no other ground of jurisdiction exists, the service within the county is a jurisdictional fact.   Its omission is not cured by an appearance, for the objection is not simply that the court has not jurisdiction of the person of the defendant, but that it has not jurisdiction of the cause.   In a case in which the court had jurisdiction of the cause on some of the other grounds, as, for instance, where the cause of action arose within the city, * * * the general rule would apply that a general appearance cures any defect in the service of process to bring the defendant into court, and even the total absence of any service.   But where, as in this case, the only element of locality which can exist, and the only means by which the cause can be brought within the jurisdiction of the court as a local court, is the service of the summons within a certain territory, that rule is not applicable."   In the case now before me the cause of action did not arise in the city of New York, the subject-matter of the action is not situated within, and the parties proceeded against do not reside, nor were they served within, the city of New York.   In *Davidsburgh* v. *Insurance Co.*, 90 N. Y. 526, the court of appeals said that, when the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants; that the court could not acquire jurisdiction by consent, and might, whenever its attention was called to the matter, refuse to exceed the powers conferred upon it by statute.   The motion to continue the injunction is denied, and the injunction hereto issued is vacated, with costs.