(15 App. Div. 423.)

### McKINNEY v. WHITE et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

MECHANICS' LIENS—NOTICE—SUFFICIENCY.

A notice does not state the nature and amount of labor and materials furnished (Laws 1885, c. 342, § 4) where it merely recites: "Labor and materials furnished under written contracts during the months of May, June, July, August, and September, 1892, and to be hereafter furnished to complete the building, the sum of eighty-five hundred dollars ($8,500) is due," and "the sum of five hundred dollars is due for extra work furnished and materials supplied under a verbal agreement during the same period."

Appeal from trial term, New York county.

Action by John McKinney against John J. White and others to foreclose a mechanic's lien. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The following is the notice on which the suit is based:

#### Notice under Mechanic's Lien Law.

To William J. McKenna, Esquire, Clerk of the City and County of New York, and All Others Whom it may Concern: Please take notice: That I, John McKinney, residing at 439 West 57th street, in the city of New York, have and claim a lien for the principal and interest of the price and value of the labor and material hereinafter mentioned, upon the house, building, and appurtenances, and upon the lot, premises, and parcel of land upon which the same may stand, or be intended to stand, hereinafter mentioned, pursuant to the provisions of an act of the legislature of the state of New York, entitled "An act for the better security of mechanics, laborers, and others who perform labor or furnish material for buildings and other improvements in the several cities and counties of this state, and to repeal certain acts and parts of acts," passed May 27, 1885, being chapter 342 of the Laws of 1885, and the acts amendatory thereof. That the nature and amount of the labor and services performed and the materials furnished is as follows: Labor and materials furnished under written contracts during the months of May, June, July, August, and September, 1892, and to be hereafter furnished to complete the building, the sum of eighty-five hundred dollars ($8,500) is due. The sum of five hundred dollars is due for extra work furnished and materials supplied under a verbal agreement during the same period. The labor was done and the materials were furnished for the construction of the building Nos. 33 to 39, inclusive, West 29th street, in the city of New York. That the names of the owners are George Green and George J. Kraus, against whose interest a lien is claimed. That the name of the person by whom claimant was employed, and to whom he furnished such labor and such materials, is George J. Kraus. That all the work and materials for which the claim is made has been actually performed or furnished within ninety days from this date. The property to be charged with a lien is situated in the —— ward of the city of New York, on the north side of Twenty-Ninth street,

44 N.Y.S.—36·

80 feet west of Broadway, being 85 feet and 4 inches wide front, and irregular in rear, by 100 feet deep on the west side, irregular on each side, and known as Nos. 33, 35, 37, and 39 W. 29th street, and shown on the following diagram:

Dated September 23, 1892.                       John McKinney.

The plaintiff, in his complaint, admits that he had never completed his contract, having been prevented from so doing by one of the defendants.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

D. M. Porter, for appellant.
H. W. Simpson, for respondent Green.
Ashbel P. Fitch, for respondent Ruppert.

PER CURIAM. This suit is to foreclose a mechanic's lien. The complaint was dismissed, because the notice of lien was not in the form prescribed by the statute. The statute (chapter 342 of the Laws of 1885) requires that the notice shall state the nature and amount of labor and services performed, or of materials furnished or to be furnished, and also whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it. To entitle a claimant to the benefit of the statute, its directions must be substantially observed, such compliance being necessary to confer jurisdiction upon the court. Davidsburgh v. Insurance Co., 90 N. Y. 530. And as said in Foster v. Schneider, 50 Hun, 155, 2 N. Y. Supp. 875, the provisions of the mechanic's lien law are entirely plain, and may be complied with without the least difficulty.

An examination of the lien here filed will show that, as to the $8,-500, just what that represented is not stated, for we nowhere find in connection therewith the nature and amount of the labor and services performed, or the nature and amount of the materials furnished or to

be furnished, or the amount of work remaining to be performed to complete the plaintiff's contract. So, with respect to the extra work, while the time and amount are given, the nature of the labor and services performed are not stated. Moreover, as the lien filed included both the claims for $8,500 and $500, we do not think, because the latter more nearly approached a valid lien by complying with the conditions of the statute, that we should endeavor to sustain so much of the lien by a strained construction of the statute, while holding that the balance of the lien, and for much the larger amount, was invalid. Omissions and misstatements of the character pointed out in the lien here filed have been uniformly held to invalidate the lien.

The judgment should therefore be affirmed, with costs.