(85 App. Div. 512.)

NEW JERSEY STEEL & IRON CO. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. MECHANIC'S LIEN—NOTICE OF LIEN—STATUTORY REQUIREMENTS.
    In view of the fact that, to entitle a lien claimant under the Mechanic's Lien Law of 1885 (Laws 1885, p. 585, c. 342) to the benefit of the statute, his notice of lien must comply with all its requirements, and in view of the fact that the Mechanic's Lien Law of 1897, p. 514, c. 418, is a mere revision of the law of 1885, without making any radical changes in the law, though making a rearrangement of the subject-matter of the statute, a notice for a lien claimant under the law of 1897 must comply with its provisions in order to create a valid lien.

2. SAME—NOTICE—INDEFINITENESS.
    Under Laws 1897, c. 418, § 9, requiring the notice for a mechanic's lien to state the labor performed or to be performed and the material furnished or to be furnished, and the agreed price or value thereof, a notice in the alternative, rendering it impossible to determine whether the claim is for labor or materials performed or furnished or to be performed or furnished, and whether the amount claimed is the agreed price or the value, is insufficient to support a lien.

3. SAME—FICTITIOUS CLAIMS—EFFECT.
    Where the amount claimed in a notice for a mechanic's lien is intentionally grossly exaggerated, though without any fraudulent purpose, the lien will not be allowed, where the amount claimed could have been approximated at the time of filing the notice as well as at any other.

Appeal from Special Term, New York County.

Action by the New Jersey Steel & Iron Company against Andrew Robinson and others and Frank H. Barr and others. From a judg-

¶ 3. See Mechanics' Liens, vol. 34, Cent. Dig. § 270.

ment entered on the report of the referee so far as it adjudged that defendants Barr and others were entitled to a mechanic's lien superior to plaintiff's lien, plaintiff appeals.   Modified.

See 77 N. Y. Supp. 547.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

H. B. Closson, for appellant.

J. Orlando Harrison, for respondents Barr, Thaw, and Fraser.

James W. Gerard, for respondents American Exchange National Bank and Kinney.

HATCH, J.   This action is brought to foreclose a mechanic's lien filed by the plaintiff.   The defendant Kinney is the owner of the premises.   The defendant Andrew J. Robinson was the general contractor, and the plaintiff and the other defendants subcontractors under him.   The defendant Robinson made default in the performance of his contract with the defendant owner, and made a general assignment for the benefit of creditors.   The owner thereafter completed the contract, pursuant to the provisions thereof authorizing him so to do, and upon completion a considerable sum of money became due and payable to the contractor under the terms of the contract; it having cost the owner much less to complete the building than the sum stipulated therein to be paid.   This fund amounted at the time of the trial of this action to the sum of $70,761.90, out of which the liens of the respective parties have been adjudged to be paid, so far as the same is found sufficient.   The judgment entered upon the report of the referee determines that the plaintiff has a valid lien upon the fund for $37,077.25; that the other lienors are prior in point of time to the plaintiff's lien, and are entitled to be paid therefrom $37,877.41.   Costs amounting to the sum of $4,852.49 are awarded to the respective parties in different amounts, and are made payable from the fund.   The sum allowed as the lien of Thaw, Barr, and Fraser is $16,575 and costs.   Deducting the amount of the liens superior to the plaintiff's which are charged upon the fund, including the costs awarded and to be deducted therefrom, leaves a deficiency for the payment of the plaintiff's lien in the sum of $9,135.23.   The defendant the American Exchange National Bank is the assignee of an undivided interest to the extent of $5,000 of the lien of Barr, Thaw, and Fraser.   Its rights in the premises are dependent upon the validity of the lien of such contractors.   The plaintiff's attack is upon that part of the judgment which determines that Barr, Thaw, and Fraser have a lien for the amount adjudged, and also upon the allowance of costs, as between it and the defendant Kinney.

The appellant contends that the notice of lien filed by Barr, Thaw, and Fraser is insufficient under the statute, and, being so insufficient, no lien upon the fund was acquired in their favor, or in favor of their assignee, as against this plaintiff.   It is the settled law that, to entitle a claimant under the mechanic's lien law to the benefit of the statute, the notice of lien must comply substantially with all of its requirements, and, if there is not such compliance, no lien is acquired. McKinney v. White, 15 App. Div. 423, 44 N. Y. Supp. 561, affirmed

162 N. Y. 601, 57 N. E. 1116. This decision was rendered in con-
struction of chapter 342, p. 585, of the Laws of 1885. This lien law
was revised in 1897, but, as stated by the revisers, no attempt was
made to make any radical changes in the existing statute, the pur-
pose being to retain all of the material features of the act in the revi-
sion. Report of Statutory Revision Commission of 1897; Cum-
mings' & Gilbert's Lien Laws, p. 25; note to Lien Law, § 9. An
examination of the provisions of the act of 1885 shows that, while
there was a different rearrangement, all of the substantive parts of
that act are found present in the revision of 1897. In section 4, p.
586, c. 342, of the act of 1885, the notice was required to be in writing,
and filed in the office of the county where the property was situate,
and was required to contain "the names and residences of the claim-
ants, the nature and amount of the labor and service performed, or
the materials furnished or to be furnished, with the name of the
owner, lessee, general assignee or person in possession of the prem-
ises against whose interest a lien is claimed; the name of the person
or persons, firm or firms, corporation or association by whom he
was employed, or to whom he furnished or is about to furnish such
materials, or whether all the work for which the claim is made has
been actually performed or furnished, and if not, how much of it, and
also a description of the property." Under chapter 418, p. 514, of
the Laws of 1897, the contents of the notice is prescribed in section 9,
and divided into paragraphs, sections 4 and 5 of which only are ma-
terial to the present question. They read as follows: "(4) The la-
bor performed or to be performed, or materials furnished or to be
furnished and the agreed price or value thereof. (5) The amount un-
paid to the lienor for such labor or materials." It is evident that
this is a mere rearrangement of the subject-matter of the statute, and
does not in any respect change it in substance. A change of phrase-
ology does not have the effect of requiring a different construction.
May v. Bermel, 20 App. Div. 53, 46 N. Y. Supp. 622. So far, there-
fore, as the notice is concerned, it still remains the rule that there must
be substantial compliance with the statute in order to effect a valid
lien. Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117.

The notice of Barr, Thaw, and Fraser is claimed to be defective in
statement as to the work and labor performed and materials fur-
nished, the amount and value thereof, and the amount which was
therein claimed to be due and unpaid for such work, labor, and mate-
rials. The notice in this respect reads:

"(4) The labor performed or to be performed is the cutting and setting
of all the cut lime stone for the building on the premises, and the materials
furnished or to be furnished is the stone so to be cut and set, and the agreed
price or value of such labor and materials is forty-four thousand seven hun-
dred dollars. There has also been furnished extra work and materials at
agreed prices amounting to $1,543.00. (5) The amount unpaid to the lienors
for such labor and materials is forty-three thousand two hundred and forty-
three dollars."

The criticism upon this notice is that it does not state either the
labor performed or the materials furnished, nor state the agreed
price or the value of the labor or the materials furnished, nor of the
labor to be performed or materials to be furnished, nor the agreed

price or value of the labor to be performed and materials to be furnished, nor the amount paid for the labor or materials furnished, or the amount unpaid for the labor or materials to be furnished. Each of these matters is stated in the alternative, and therefore it is claimed that it is not an affirmation of either the one thing or the other; in other words, that a statement of the matters required to be stated in the notice in the alternative is not a statement of any facts, or of the facts as required by the statute. It is evident that the person who prepared this notice followed the literal language of the statute, and made the statements in the alternative form of all of the particular things which the statute requires, and omitted to state the particular matter which the statute provides should be stated in application of the facts out of which arises the lien. In the construction of similar statutes it has been held that an alternative statement is defective for the reason that it states neither the one fact nor the other, and, in effect, operates as an exclusion of the statement of any fact. Such rule was applied in respect to matters required to be stated in an application for an attachment, where the alternative statement was held to be bad. Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268. The same rule was held by this court to be applicable to a mechanic's lien. Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531. The decision in this case was reversed upon appeal (175 N. Y. ——, 67 N. E. 1080) without opinion, but the memorandum handed down shows upon its face that the Court of Appeals did not disagree with the views entertained by this court in respect to this matter. This court had reversed the judgment of the Special Term and dismissed the complaint. The Court of Appeals reversed this order, and modified the judgment of the Special Term so as to award a personal judgment in favor of the person claiming a lien, based upon the provisions of section 3412 of the Code of Civil Procedure. By virtue of this provision, the lienor, if he failed for any reason to establish a valid lien, but did establish that a sum was due to him which he might recover in an action upon contract, became entitled to a personal judgment against the party to the action who was liable therefor. It necessarily follows from this determination that the Court of Appeals held the lien to be invalid, and, as the defect related to the imperfect notice, the Court of Appeals must be held to have sustained in that respect the views which obtained in this court. While it is true that the law requires a liberal construction of the lien law in giving force and effect to the lien, yet, in order to accomplish this result, there must be facts stated which substantially comply with the statute, and from which it is made to appear that they fall within the provisions authorizing the lien. If by any liberal—that is, fair—construction the statement can be construed to show the performance of the work or the furnishing of materials, either or both, effect will be given thereto. But where the statement is so made that it neither includes one nor the other, and each statement excludes the other, there is nothing to which a liberal construction can attach, because there is no statement of any fact bringing the case within the terms of the statute. The statement contained in this notice, within the above authorities, so

far as it relates to the work, labor, and materials furnished under the contract, is clearly defective, and therefore no lien was acquired.

The notice, so far as the extra work is concerned, complies with the statute, as the statement relating to it is that there has been furnished such extra work and materials. To this extent the notice is good, and should be upheld, were it not for another defect and reason why the lien in this case is void as to the plaintiff. The statement in the lien is that the labor performed or to be performed and the agreed price of such labor or materials is $44,700, and for extra work $1,543, and that the amount unpaid to the lienors for labor and materials is $43,243. The lienors intended, and, except for a mistake to be hereinafter noticed, did, state therein, assuming that there was a statement of fact, that the contract price was the first-named sum and the extra work the given sum, and that the amount unpaid was $43,243. The lienors thus stated the full amount of the contract price, if they stated anything, as being the amount and value of the work, labor, and materials furnished, and that the sum which they were entitled to receive was nearly that sum. In point of fact the reasonable value of the work and labor furnished under the contract did not equal such sum, but was only the sum of $15,000. The claim of the amount due was, therefore, grossly exaggerated, the excess over the true amount being $28,243. For the item of extra work, which was stated to be $1,543, only $500 had been furnished—an exaggeration of something over two-thirds. The learned referee found that the amount unpaid under the contract price was $44,300 and of extra work $1,521, and that the amount due and unpaid, instead of being $43,243, was $42,821. With these corrections made, the exaggeration in excess of the amount which the lienors were entitled to recover is $27,321. The force of these facts was sought to be avoided by a finding that at the time of filing the notice of lien the price of the materials furnished could not be separated without an agreement between the parties thereto. It is evident that this finding has no effect whatever in relieving the lienors from their exaggerated statement. The amount and value of the materials which had been furnished and the work and labor bestowed upon the building could have been approximated at that time as well as at any other. Manifestly, the statement that the lienors were entitled to have and receive by virtue of their lien the grossly exaggerated sum stated in the notice must have been known to them. It is not possible that they could then honestly have made the statement that $42,000 and upwards was due and owing to them, when the fact was that, including the work performed under the contract and the extra work and labor, only the sum of $16,000 was owing. In Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 59 N. E. 148, 80 Am. St. Rep. 723, Martin, J., after reviewing the authorities upon this subject, states:

"We think the rule so generally established is a proper one, and should be adopted by this court. There certainly can be no hardship in requiring a claimant to avoid intentionally and willfully making an exaggerated claim which he knows not to exist. The requirement that he shall truthfully state his claim is in no way unjust to the claimant, but it is pre-eminently just to the owner, to other claimants or lienors, and to those who are engaged

in administering the lien law. We are therefore of the opinion that the trial court, having found that the plaintiffs 'enormously exaggerated' their claim, and intentionally and by pretense of a fictitious contract sought to enforce and establish a false and fabricated demand, was justified in holding that the plaintiffs had thereby forfeited their right to recover any judgment against the sureties upon the bond in question."

While it is true that in that case there were elements of actual and affirmative fraud upon the part of the contractors, which find no place in this case, and with which the lienors cannot be charged, yet it is evident that they willfully, and therefore intentionally, grossly exaggerated their lien, and thereby worked, or might have worked, an injury to subsequent lienors and other parties interested in the fund. Such gross exaggeration must be regarded in law as willfully made, as it must have been known to the lienors to be untrue at the time when the statement was made. Thereby there was a violation of the terms of the statute, which requires that the claim shall be truthfully stated, and it is in no way unjust to the claimants to insist upon compliance with the statute in this respect.

The case of Ringle v. Wallis Iron Co., 149 N. Y. 439, 44 N. E. 175, which holds, in effect, that a mistake in stating the amount which the lienor is entitled to enforce does not invalidate the lien, in no wise conflicts with this view. That case recognized that a willful and intentional false statement might invalidate the lien. The two cases last cited indicate the state of the law upon this subject, and we think lay down the rule that, where no mistake of fact exists, the lienor is not justified in exaggerating his claim, and that, where the exaggeration is gross, willful, and intentional, the lienor should be held to forfeit his lien. There is no hardship in such requirement, nor does such rule operate to defeat an honest claimant who has made a mistake.

It follows from these views that the judgment in favor of Barr, Thaw, and Fraser cannot be upheld, and that the judgment of the American Exchange National Bank, as it is dependent thereon, must also fall, as to the plaintiff in the action. The judgment in this respect, however, is not invalid as to any party except the plaintiff, as no one else appeals, nor is it made to appear that any other party is aggrieved. It follows that the plaintiff becomes entitled to a judgment as against Barr, Thaw, and Fraser and the American Exchange National Bank, declaring its lien to be superior to such lienors, including the costs awarded to it in the judgment. The fund is sufficient to pay the amount of the other lienors aside from Barr, Thaw, and Fraser and the American Exchange National Bank, with costs. It is therefore unnecessary to determine the plaintiff's equitable right to costs as against the defendant owner.

It follows that the judgment should be modified by declaring the lien of the plaintiff superior to the lien of Barr, Thaw, and Fraser and the American Exchange National Bank; such amount, with all costs awarded to the plaintiff, to be paid from the fund before the last-named parties shall be entitled to receive anything; and, as modified, the judgment should be affirmed, with costs to the appellant. All concur.