### ALEXANDER v. HOLLENDER et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. MECHANIC'S LIEN—NOTICE OF—SUFFICIENCY.

A notice of a mechanic's lien filed by a subcontractor, stating that "the labor performed and to be performed, and the materials furnished and to be furnished, consists of electrical apparatus," etc., at an agreed price of $4,594.50, is insufficient in not stating how much is claimed for labor, and how much for material, and how much is still to be furnished.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 234, 236.]

2. SAME—JUDGMENT IN CASE OF FAILURE TO ESTABLISH LIEN.

Code Civ. Proc. § 3412, relating to mechanics' liens, and providing that, if the lienor fail for any reason to establish a valid lien in an action to enforce the lien, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any party to the action, is not available to a subcontractor who fails, in an action to enforce an alleged lien, to prove that anything was due, either before or after filing notice of lien, from the owner to the contractor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 628–631.]

Appeal from Special Term, New York County.

Action by Harry Alexander against Frederick Hollender, impleaded. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

T. Hansen, for appellant.
F. Wiener, for respondent.

PATTERSON, J. The principal question involved in this appeal is not a new one, but has been settled by authority. The plaintiff is a subcontractor, and sued to enforce a mechanic's lien upon property of which the defendant Hollender was the owner, and as to which property Philip Goerlitz was the contractor to do certain work. At the trial of the cause a notice of lien was offered in evidence by the plaintiff, and marked as an exhibit, but it is not

printed in the record as an exhibit. There was, however, annexed to the complaint, a copy of the notice of lien which the plaintiff claimed was filed, and it was made a part of his complaint. In that notice it is stated that:

"The labor performed and to be performed, and the materials furnished and to be furnished, consists of electrical apparatus, wiring and equipment and labor of Nos. 149 West 125th Street and 152 to 158 West 126th Street, Borough of Manhattan, New York City, and the agreed price and value thereof is Four thousand five hundred and ninety-four $50/100$ ($4,594.50)."

At the close of the plaintiff's case, the defendants' counsel moved to dismiss the complaint as to the defendant Hollender on the ground that the plaintiff had failed to prove his cause of action. Included in that cause of action to foreclose the lien was the element or factor of a proper and sufficient notice of lien having been filed. That the notice was insufficient has been held by this court and by the Court of Appeals. N. J. S. & I. Co. v. Robinson, 8! App. Div. 512, 83 N. Y. Supp. 450; Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308; Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080.

It is claimed by the respondent that, notwithstanding the insufficiency of the notice of lien, he was entitled to maintain the action against Hollender, the owner of the premises, and to recover, under section 3412 of the Code of Civil Procedure, a judgment for such sum as was due him, or which he might recover in an action on contract against any party to the action. But under the proof, as we read the record, the plaintiff has not brought himself within the provision of that section of the Code, for the reason that he failed to establish that there was anything due at any time, before or after the notice of lien was filed, from the owner, Hollender, to the contractor, Goerlitz.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.