### ABELMAN v. MYER et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

MECHANICS' LIENS—NOTICE—NAME OF OWNER—SUFFICIENCY OF NOTICE.

Under Mechanic's Lien Law, Laws 1897, p. 518, c. 418, § 9, requiring a notice of a mechanic's lien to contain the name of the owner against whose interest the lien is claimed, and subdivision 7 of such section, providing that a failure to state the name or a misdescription of the true owner shall not affect the validity of a lien, a notice stating the name of the owner alternatively is sufficient.

Appeal from Special Term,· Queens County.

Action by Morris L. Abelman against Julius Myer and others to foreclose a mechanic's lien. From an interlocutory judgment, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Joseph A. Whitehorn, for appellant.
Herman Gettner, for respondents.

MILLER, J. This action is brought to foreclose a mechanic's lien and to set aside a conveyance of the real property involved, which the complaint alleges was made by the defendant Finkelstein to her brother, the defendant Myer, with intent to defraud the plaintiff. The complaint was dismissed for an alleged defect in the notice of lien. The only question presented on this appeal is whether the notice of lien, construed as the statute requires, substantially complied with the requirements of section 9 of the lien law (Laws 1897, p. 518, c. 418). The statement of the name of the owner against whose interest the lien was claimed and of the interest of such owner was in the following language, viz.:

"The name of the owner of the real property against whose interest therein a lien is claimed, Katie Finkelstein or Julius Myer; and the interest of said owner, as far as known to the lienor, is the fee."

This statement was held to be bad for being in the alternative. The argument is made that such a statement is not the affirmation of any fact, and should be treated precisely as though no name had been stated. The respondents cite cases which held that a statement, in the alternative, of labor performed or to be performed, or materials furnished or to be furnished, was not a compliance with subdivision 4 of said section 9. Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531; Id., 175 N. Y. 492. 67 N. E. 1080; New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450; Id., 178 N. Y. 632, 71 N. E. 1134; Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308; Id., 180 N. Y. 546, 73 N. E. 1120; Armstrong v. Chisolm, 100 App. Div. 441, 91 N. Y. Supp. 693. But the reason for the rule declared in those cases has no application to the question before us. The statute requires the lienor to state explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of the filing of the lien. Finn v. Smith, 186 N. Y. 465, 79 N. E. 719. Hence a statement in the alternative of the labor performed or to be performed, etc., is not an affirmation of any fact required to be stated. The fact may be either the one or the other, whereas the statute requires an explicit statement of what the fact is. The statute plainly contemplates that a mistake may be made in the statement of the name of the owner; hence the following curative provision of said section 9, subd. 7, viz.:

"A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien."

It has been held that the word "failure," as used in the said provision, means an unsuccessful attempt, not an intentional omission, to name the true owner (De Klyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719); but the Court of Appeals plainly intimated in that case that, if the lienor in good faith attempted to name the true owner, the lien would be good against such owner even though his

name were not mentioned. The rule applicable to a pleading or to the statements in affidavits, which are prerequisite to the granting of provisional remedies and the like, should not be appiled to a notice of lien filed under the mechanic's lien law. A statement of the name of the owner against whose interest the lien is claimed is required for purposes of identification. Under the notice in the case at bar the county clerk would be required to enter in his docket both names given, and, if either was the owner, any one making a search would ascertain that a lien was claimed against the owner. Had the statement been in the conjunctive, it would undoubtedly be held good, and one name could be rejected as surplusage. When a party is required to state precisely what the fact is, a statement in the alternative is bad, because it neither affirms the one thing nor the other. But, as we have seen, the lien law does not require the lienor to state at his peril the name of the true owner, because it recognizes the fact that notices sometimes have to be filed with expedition, and that it may not always be possible to ascertain who is the true owner; hence it only requires the lienor to do the best he can. In the statement before us the lienor said, in effect, that he did not know whether the owner was Katie Finkelstein or Julius Myer, but that it was one or the other, and that he claimed a lien against the interest of whichever one turned out to be the true owner; and it seems to me that we cannot hold the statement bad without disregarding the purpose of the statute and the requirement that it be construed liberally to secure such purpose.

The respondents also contend that the notice was defective for not stating the kind of labor performed and of materials furnished, and the amount of labor performed and materials furnished, at the time of the filing of the notice of lien. We think it is plainly to be inferred from the entire notice that the lienor had furnished all the labor and materials in the construction of the dwelling house in question, and that such construction was completed at the time of the filing of the notice.

The interlocutory judgment, in so far as appealed from, should be reversed.

Interlocutory judgment, in so far as appealed from, reversed, and new trial granted; costs to abide the final award of costs. All concur.