(59 Misc. Rep. 279.)

### WEISS v. KENNEY et al.

(City Court of New York, Trial Term. May, 1908.)

1. MECHANICS' LIENS—NOTICE OF LIEN—STATEMENT.
    Laws 1897, p. 518, c. 418, § 9, provides that a notice of mechanic's lien must state " * * * (4) the labor performed or to be performed, or materials furnished, or to be furnished, and the agreed price or value thereof and (5) the amount due to the lienor for such labor and materials." Held, that a lien notice which stated the amount claimed for labor, the amount for materials furnished, and the amount for materials to be furnished in the alternative was fatally defective.

2. SAME—INVALID LIEN—PERSONAL JUDGMENT.
    Under the express provisions of Code Civ. Proc. § 3412, plaintiff in an action to foreclose a mechanic's lien, on the lien being declared void, may recover a personal judgment against the person personally liable for the debt.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 628–631.]

Action by Samuel Weiss against Samuel Kenney and others to foreclose a mechanic's lien. Judgment for plaintiff against defendant Schweitzer, for defendant Kenney, dismissing the complaint and canceling the liens of John G. McMillan, Henry H. Meise, and James W. Sweeney, sustaining the liens of E. M. Pritchard & Son Company, and Church E. Gates & Co., for the sum of $375, without costs.

C. H. Collins, for plaintiff.
W. F. Walsh, for defendants.

DELEHANTY, J. The law is well settled that, to entitle a claimant under the mechanic's lien law to the benefit of the statute, the notice

of lien must comply substantially with all its requirements, and, if there is not such a compliance, no lien is acquired. McKinney v. White, 15 App. Div. 423, 44 N. Y. Supp. 561, affirmed 162 N. Y. 601, 57 N. E. 1116. The criticism upon the notice of lien filed by the plaintiff herein is that it is impossible to determine therefrom how much is claimed for labor, how much for the materials furnished, or how much for the materials to be furnished. Each of these matters is stated in the alternative, and, in the construction of similar statutes, the courts have uniformly held that such a statement is defective for the reason that it states neither the one fact nor the other, and, in effect, operates as an exclusion of the statement of any fact. New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450; Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308; Alexander v. Hollander, 106 App. Div. 404, 94 N. Y. Supp. 796; Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. I am forced, therefore, to hold that the notice in question fails to comply with section 9 of the lien law (Laws 1897, p. 518, c. 418), and that the filing thereof did not create a lien in plaintiff's favor. Such being the case, I am of the opinion that plaintiff is not entitled, as claimed, to maintain the action against Kenney, the owner of the premises, and to recover, under section 3412 of the Code of Civil Procedure, a judgment for the amount due him from Schweitzer, the contractor. As I construe that provision of the law, the lienor, if he fails for any reason to establish a valid lien, but does establish that a sum is due to him which he might recover in action upon contract, thereupon becomes entitled to a personal judgment against the party to the action who is liable therefor. The only party who is liable to plaintiff, who is a subcontractor, is his principal, Schweitzer, the general contractor. Certainly there is no privity between plaintiff and Kenney, the owner.

I conclude, therefore, that there should be judgment as follows: For plaintiff against defendant Schweitzer for $150 and costs; for defendant Kenney, dismissing the complaint, with costs and adjudging the plaintiff's lien invalid and directing its cancellation; that the liens of the defendants John G. McMillan, Henry H. Meise, and James W. Sweeney be canceled of record for failure of said defendants to appear or answer herein; that the liens filed by the defendants E. M. Pritchard & Son Company and Church E. Gates & Co. are valid and enforceable against the premises, in question, in the order named, for the agreed sum of $375, without costs. Present decision and findings accordingly on notice.

Ordered accordingly.