George M. Fanelli, J.
Two motions: (1) the owners, Boulder Apartments, Inc., and Boulder Gardens, Inc., have applied for *288 an order pursuant to subdivision (6) of section 19 of the Lien Law to summarily discharge of record, a mechanic’s lien on a private improvement upon the ground (a) that the same was not filed within the required four-month statutory period and (b) that the same fails to separately state the quantity, item and agreed price or value of the materials alleged to have been furnished to the respective owners and buildings in question.
It appears that the subject lien, filed July 15, 1955, and designated “ amended lien ”, was filed without prior court approval, for the purpose of correcting the name of the true owners of the property. A lien in favor of this lienor had been previously filed within four-month period, to wit: June 27, 1955, in which Bronxville-Devon Corporation was designated as the owner.
(2) By way of cross motion, the lienor applies for an order allowing him to amend, nunc pro tunc, the notice of lien filed on June 27, 1955, by substituting the names of Boulder Apartments, Inc., and Boulder G-ardens, Inc., as the true owners of the affected premises, in place of Bronxville-Devon Corporation. In support of the application, the lienor asserts that at the time he filed the first lien, the true names of the owners were unknown to him; that the materials in question were ordered by Bronxville-Devon Corporation as the ostensible owner of both parcels of real property; that the names of the true owners were obscured and that he was not notified of their names; and that the materials were delivered to the site where both buildings, each adjoining the other, were in the process of construction and that the materials were later distributed by the owners or contractor to the respective buildings.'
With respect to the lienor’s application, section 12-a of the Lien Law provides as follows :“Ina proper ease, the court may, upon five days’ notice to existing lienors, mortgagees and owner, make an order amending a notice of lien, upon a public or private improvement, nunc pro tunc. However, no amendment shall be granted to the prejudice of an existing lienor, mortgagee or purchaser in good faith, as the case may be.”
The proposed true owners appear specially and oppose the lienor’s application upon the ground that it is untimely in that the statutory five-day notice was not given to them as well as to existing lienors and mortgagees. It would seem that the requirement of five days’ notice is mandatory (Matter of Wilaka Constr. Co., 166 Misc. 185, affd. 253 App. Div. 711, motion for leave to appeal to the Court of Appeals denied 253 App. Div. 796), although it may be waived. (Owens v. Ebner, 74 N. Y. S. 2d 169; see, also, Blanc, New York Law of Mechanics’ Liens, pp. 242, 243, 244, 245.)
*289 More important, however, is the power of the court to permit an amendment nunc pro tunc (assuming that no prejudice to existing lienors, mortgagees or purchasers in good faith is shown) so as to substitute the names of the true owners where through alleged ignorance, being misled, or inadvertence, the wrong owner was designated.
The statute makes provision for a situation where a mistake is-made in stating the name of the owner, hence the following curative provision of subdivision 7 of section 9, viz.: “ A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien.” It has been held that the word “ failure ” as used in the said provision means an unsuccessful attempt, not an intentional omission, to name the true owner. (Abelman v. Myer, 122 App. Div. 470.) While it is true that the court may not construct a valid lien out of one which is defective, nevertheless, “ in a proper case ”, as is here present, the court is persuaded to follow the decisions laid down in the cases of: Matter of Schiering (96 N. Y. S. 2d 64); Abelman v. Myer (supra); Matter of Dorsey (240 App. Div. 1005); Matter of Piscitell (278 App. Div. 890); Rocco v. Chain Bldg. Corp. (167 Misc. 375); Acme Store Fronts v. McGratty (N. Y. L. J., Jan. 13, 1955, p. 6, col. 5).
Accordingly, the lienor’s application to amend the notice of lien filed June 27, 1955, nunc pro tunc, is denied, without prejudice to a renewal on proper statutory notice to all parties required by section 12-a of the Lien Law, said renewal motion to be made within five days after the entry of an appropriate order herein and service of a copy thereof with notice of entry upon the attorneys for the owners. The said application should fully disclose the names of all lienors, mortgagees and owners and should be for the purpose of substituting the names of the true owners, setting forth a proper description of the property subject to the lien sufficient for identification, setting forth a proper verification, and allocating so far as possible the amount of materials delivered to the respective buildings and their respective value.
With respect to that branch of the motion made by the owners to summarily discharge the lien filed July 15, 1955, in the interest of justice, the court will hold same in abeyance pending the making, hearing and determination of the afore-mentioned application by the lienor. In the event the said application is not made within the said period of time, then said motion will be deemed granted.
Settle order on notice.