George M. Fakelli, J.
(1) Ahneman-Christiansen, Inc., has applied for an order pursuant to subdivision (6) of section 19 of the Lien Law to summarily discharge of record, two mechanics’ liens filed by Phillip S. Hirshik on a private improvement on the ground that said corporation has never owned nor does it have any interest in the real property against which said liens have been filed, despite the fact that its name is designated in said liens as the owner in “ fee simple absolute ” and the contractor. (2) by way of cross motion said lienor applies for an order allowing him to amend, nunc pro tunc, the said two notices of lien filed respectively in the Westchester County Clerk’s office on February 13, 1958 by substituting the names of Laconic Holding Corp., Whitehill Building Corp., Mohansic Building Corp., and Hunterbrook Building Corp., as the true owners of the affected premises, in place of Ahneman-Christiansen, Inc. In support of this latter application, the lienor asserts that through inadvertence the names of the true owners of the real property herein were not set forth in said liens. He further contends that the officers and principals of Ahneman-Christiansen, Inc., are the same officers and principals of the true corporate owners and that the misdescription in the said two notices of lien was unintentional.
Without going into the merits of the latter application, the court is of the opinion that there has been a failure to comply with the requirements of section 12-a of the Lien Law both with respect to the five days’ notice (bearing in mind Civ. Prac. Act, § 164, since in this proceeding the papers were served by mail) and the notice to existing lienors, mortgagees and owners. Accordingly, the cross motion to amend the notices of lien, nunc pro tunc, is denied without prejudice to a renewal on proper statutory notice to all parties required by section 12-a of the Lien Law, said renewal application to be made within five days after the service of the order to be entered hereon with notice of entry thereof upon the attorney for *532 Ahneman-Christiansen, Inc. (see Matter of Boulder Apts., 14 Misc 2d 287).
With respect to the motion to discharge the afore-mentioned two notices of lien, it is conceded by the applicant, Ahneman-Christiansen, Inc., that it has never owned nor had any interest in the real property against which said liens have been filed. Subdivision (6) of section 19 of the Lien Law specifically provides that an application to summarily discharge a lien may be made by ‘ ‘ the owner or any other party in interest ’ ’. Since applicant is neither the owner nor a party having any interest in the real property, the court is constrained to deny the motion.
Settle orders on notice.