Simon J. Liebowitz, J.
Petitioner lienor moves for an order to amend its notice of mechanic’s lien nunc pro tunc, pursuant to section 12-a of the Lien Law so as to correct the name of the owner and description of the property set forth therein. The Brookdale Hospital Center (hereinafter “Respondent”), the owner of the premises, cross-moves to vacate, cancel and discharge the lien in that it is fatally defective.
On July 15, 1971, within the statutory period allotted, petitioner filed its notice of lien in the office of the 'Clerk of the County of Kings against certain property designated as Block No. 4718. Petitioner realized that it had erred in setting forth the name of the true owner and description of the property. About four days beyond the time limitation in which petitioner could have filed an amended notice without petitioning the court, it moved to amend the notice. In the notice petitioner set forth the name of the owner as the Brookdale Hospital Center Nursing Home Company, Inc. instead of the Brookdale Hospital Center. In the description it set forth the correct Block No. 4718, but it gave a misdescription of the property by metes and bounds in a rider attached to the notice.
Notice of the within petition to amend was given to the existing lienors, mortgagees and owner in accordance with the provisions of section 12-a of the Lien Law. Only the owner respondent has filed objections. The failure to name the correct owner does not necessarily make the notice of lien fatally defective. Subdivision 7 of section 9 of the Lien Law states, in part: “ A failure to *21 state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien. ’ ’ Section 12-a of the Lien Law provides: “ In a proper case, the court may, upon five days’ notice to existing lienors, mortgagees and owner, make an order amending a notice of lien upon a public or private improvement, nunc pro tunc. However, no amendment shall be granted to the prejudice of an existing lienor, mortgagee or purchaser in good faith, as the case may be. ’ ’ Section 23 of the Lien Law states: ‘ ‘ This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.”
In the instant case, it is obvious that the name of the true owner and the erroneous name set forth are so similar as to reasonably cause confusion. In Abelman v. Myer (122 App. Div. 470, 472) a leading authority in such matters, the court stated: “ the Lien Law does not require the lienor to state at his peril the name of the true owner, because it recognizes the fact that notices sometimes have to be filed with expedition, and that it may not always be possible to ascertain who is the true owner; hence it only requires the lienor to do the best he can. ’ ’ (See, also, Matter of Schiering, 96 N. Y. S. 2d 64; Matter of Thomas J. Dorsey, Inc., 240 App. Div. 1005.) In Gates & Co. v. National Fair & Exposition Assn., 225 N. Y. 142) the court held that there was a substantial compliance by the lienor with the statute, where the name of the owner was set forth as Empire City Trotting Club instead of Empire City Racing Association. Moreover, it appears in the instant case that part of the property which is the subject of the notice of lien was owned by the respondent until December 23, 1970 when it was conveyed to the Broolcdale Hospital Center Nursing Home Company, Inc. It is significant that there is no claim of prejudice if the true owner’s name were to be set forth. Accordingly, construing the statute liberally so as to secure the beneficial purposes thereof, it appears that the lienor has substantially complied with the statute so as not to affect the validity of the lien and that branch of the motion to amend the lien to state the true owner is granted.
With respect to the misdescription, an amendment of the notice of lien is permissible if there has been a “ substantial compliance ’ ’ with the statute, and no resulting prejudice to any existing lienor, mortgagee or purchaser in good faith. (Lien Law, §§ 12-a and 23; see, also, Matter of Heidi Constr. Corp., 20 Misc 2d 58; Matter of Thomas J. Dorsey, Inc., supra; Piscitell *22 v. Caccamo, 278 App. Div. 890.) It must be borne in mind that this is not a case where the correct property and the misdescribed property are entirely separate, distinct and lying apart from each other. In the instant case, the correct property and the misdescribed property are within the same hospital complex in or about Brookdale Plaza, and are contained within the same block number, which petitioner correctly set forth. They are also in the same Lot No. 1 and adjacent to each other. Since a notice of lien is filed in the docket book in the County Clerk’s office against the block number, there would be sufficient notice to any subsequent party seeking an interest in the property or at least to put such party on notice of the lien (see Gates & Co. v. National Fair & Exposition Assn., supra).
Accordingly, there appearing to be a substantial compliance with the statutes and no prejudice resulting to anyone, that branch of the motion to correct the description is granted. In ■sum, upon the law, facts and in the discretion of the court, the petitioner’s application is granted and respondent’s application is denied.