CHRISTIAN J. MAHLEY, Respondent, *v.* THE GERMAN BANK
OF BUFFALO, Appellant, Impleaded with Others.

MECHANIC'S LIEN — A NOTICE THEREOF, WHICH FAILS TO STATE WHEN
FIRST ITEM OF WORK WAS DONE, IS INSUFFICIENT (L. 1897, CH. 418, § 9,
SUBD. 6). A notice of lien which fails to state when the first item of
work was done, or anything from which that time may be inferred, as
required by subdivision 6 of section 9 of the Lien Law (L. 1897, ch. 418),
is insufficient, notwithstanding the notice substantially complies with the
other provisions of the statute; since the provision thereof that the law
shall be construed liberally does not authorize the court to dispense with
what the statute says the notice shall contain.

*Mahley* v. *German Bank,* 66 App. Div. 623, reversed.

(Argued March 30, 1903; decided April 28, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 21, 1901, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James O. Moore* and *Robert F. Schelling* for appellant.
There are two principal objections to the validity of this notice
of lien : *First,* it does not state the agreed price or value of the
materials furnished or the labor performed ; and, *second,* it
does not state the time when the first and last items of work
were performed or materials were furnished, as required by sec-
tion 9 of the Lien Law. (L. 1897, ch. 418 ; *Foster* v. *Schneider,*
50 Hun, 155 ; *McKinney* v. *White,* 15 App. Div. 423 ; *Grip-
pen* v. *Weed,* 22 App. Div. 593 ; *Brown* v. *Mayor,* 3 Hun, 686;
*B. & C. Co.* v. *Pacheteau,* 71 App. Div. 148 ; *White* v. *Liv-
ingston,* 69 App. Div. 378 ; *Davidsburgh* v. *K. L. Ins. Co.,*
90 N. Y. 526 ; *Luscher* v. *Morris,* 18 Abb. [N. C.] 67.)

*Wallace Thayer* for respondent. The Mechanics' Lien Law
should be liberally construed for the benefit of ignorant lay-
men and to protect those whom it was passed to benefit.
Unless the omission or error in the notice is vital or is intended
to deceive, the notice should be upheld. (*Ringle* v. *W. I.*

*Works,* 149 N. Y. 439; *Ryan* v. *Klock,* 36 Hun, 104; *Leiegne* v. *Schwarzler,* 10 Daly, 547; *Hart* v. *Wheeler,* 1 T. & C. 403; *Blauvelt* v. *Woodworth,* 31 N. Y. 285; *Tinker* v. *Geraghty,* 1 E. D. Smith, 687; *Darrow* v. *Morgan,* 65 N. Y. 333; *Dunbar* v. *Diem,* 9 Wkly. Dig. 231.)

CULLEN, J.   The action was brought to foreclose a mechanic's lien.   The controversy is between the plaintiff, the lienor, and a sub-contractor and the appellant, the German Bank, an assignee of the principal contractor, over the contract price for the work, which the owner admitted to be due and offered to pay into court.   The plaintiff filed his notice of lien prior to the time when the appellant's order was filed in the county clerk's office as required by the statute.   The plaintiff's claim is, therefore, superior to that of the appellant, provided that the notice filed by him was sufficient to give him a lien, and the sole question presented on this appeal is whether the notice sufficiently complied with the statute.

The Lien Law (Chap. 418, Laws of 1897) by section 9 requires the notice of lien to state among other things "The labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof.   The amount unpaid to the lienor for such labor or materials. The time when the first and last items of work were performed and materials were furnished."   The notice filed stated that the plaintiff claimed a lien for the sum of $341.25, "the same being for work, labor and materials furnished as hereinafter mentioned,   *   *   *   said amount being the true price and value of said work done and materials furnished, after deducting the payments that have been made thereon. That   *   *   *   ninety days have not elapsed since the completion of the contract or the furnishing of said material, or the final performance of said work."   The appellant contends that the notice is fatally defective in failing to state the agreed price or value of the labor and materials performed or to be performed or furnished or to be furnished, and in failing to state the time when the first and last items of work were per-

formed or materials were furnished.   The learned Appellate
Division in an opinion rendered on a previous appeal in this
action (52 App. Div. 131) recognized these defects, but
upheld the lien under the provisions of section 22, which
enacts:  " This article is to be construed liberally to secure
the beneficial interests and purposes thereof.   A substantial
compliance with its several  provisions shall be sufficient
for the validity of a lien and to give jurisdiction to the courts
to enforce the same."   Full effect should be given to this
provision, and so far as the appellant's first objection is con-
cerned, we think that the statement that the value of the
work was $341.25 after deducting the payments made on
account thereof could be held a substantial compliance with
the statute.   So also the statement that ninety days have not
elapsed since the completion of the contract or final per-
formance of the work may be regarded as a statement that
the last item of work or materials was performed or furnished
within ninety days.   But under the most liberal rule of con-
struction we cannot find anything in the notice that even
attempts to state when the first item of work was done or
anything from which that time may be inferred.   It is true
that the particular advantage or object of requiring this fact
to be stated is not readily apparent, but the statute has
expressly required it.   Errors in the notice may be disre-
garded and it is not necessary that the precise verbiage of the
law should be followed.   But the provision of the statute that
the law shall be construed liberally does not authorize the
courts to entirely dispense with what the statute says the
notice shall contain.   We are, therefore, constrained to hold
the notice of lien insufficient.

     The judgment should be reversed, and as the plaintiff cannot
succeed on a new trial, the complaint must be dismissed, but
without costs in any court, and the fund awarded to the
appellant.

     PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and
WERNER, JJ., concur.

     Judgment reversed, etc.