GEORGE H. TOOP, Appellant, *v.* SAMUEL W. B. SMITH et al., Respondents.

1. MECHANIC'S LIEN — INSUFFICIENCY OF NOTICE AS TO LABOR PERFORMED. A notice of lien reciting that "the labor performed and materials furnished, and the agreed price or value thereof is as follows: Under and by virtue of a contract partly written and partly oral made with the said Smith, Coope and Shuttleworth above mentioned, according to specifications in writing and drawings of the improvements herein mentioned,

on or about February 24th, 1898, April 25th, 1899, and September 25th, 1899," — and to which the specifications and drawings are not attached, is not a sufficient compliance with the requirements of subdivision 4 of section 9 of the Lien Law (L. 1897, ch. 418) relating to the labor performed, etc., in that it fails to state the kind or amount of labor performed or materials furnished by the lienor, and the lien is invalid.

2. The Owner's Grantees, Although Fraudulent, May Assert the Invalidity of the Lien. Under such circumstances the grantees of the owner, although fraudulent, are entitled to contest the validity of the lien.

*Toop* v. *Smith,* 87 App. Div. 241, affirmed.

(Submitted March 3, 1905; decided April 18, 1905.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1903, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Rollin M. Morgan* and *Richard H. Mitchell* for appellant. The plaintiff's lien as filed was valid and sufficiently stated the nature of the work and the nature of the materials furnished. (*Reeves* v. *Seitz,* 47. App. Div. 267; *Vogel* v. *Luitweiler,* 52 Hun, 184; *Mahley* v. *German Bank of Buffalo,* 52 App. Div. 131.) The Appellate Division erred in holding that the defendants Coope and Shuttleworth have a standing in regard to contesting the validity of this lien in spite of the fact that the transfers to them, so far as this plaintiff is concerned, have been set aside as fraudulent. (*Jackson* v. *Caldwell,* 1 Cow. 622 ; *Anderson* v. *Roberts,* 18 Johns. 527.)

*Thomas C. Ennever* for respondents. The notice of claim to a mechanic's lien was fatally defective and created no lien. (L. 1897, ch. 418, § 9, subd. 4; *Mahley* v. *German Bank of Buffalo,* 174 N. Y. 499 ; *Bradley Currier Co.* v. *Pacheteau,* 71 App. Div. 148; 175 N. Y. 492; *McKinney* v. *White,* 15 App. Div. 423 ; *Tuscher* v. *Morris,* 18 Abb. [N. C.] 67.)

WERNER, J. On the 24th day of February, 1898, the plaintiff entered into a contract with the defendant Smith, whereby the former agreed to furnish certain iron work for a building about to be erected by the latter upon the premises described in the complaint. The plaintiff entered upon the performance of this contract about April 1st, 1898. Before it had been completed, and on the 24th day of April, 1899, the defendant Smith conveyed the premises to the defendant Coope, and on the 21st day of September, 1899, Coope conveyed the premises to the defendant Shuttleworth, who conveyed the premises to the defendant Schiff on the 11th day of January, 1900. The plaintiff filed a notice of lien on the 22nd day of December, 1899, and in March, 1900, brought this action to foreclose the same, and to set aside as fraudulent and void the several conveyances referred to in the complaint. At Special Term these transfers were held to be fraudulent and void as to the plaintiff, and judgment was rendered establishing the validity of plaintiff's lien and decreeing a foreclosure thereof. At the Appellate Division this judgment was reversed and a new trial ordered. The order of reversal is silent as to the facts, and we must, therefore, assume that it is based solely upon questions of law. (Code Civ. Pro. sec. 1338.)

Two questions of law are presented. The first is whether the plaintiff's notice of lien complies with the provisions of the Lien Law (L. 1897, ch. 418, sec. 9), and the second is whether the grantees of Smith, whose conveyances have been held to be fraudulent and void as to the plaintiff, are in a position to contest the validity of the latter's lien. There was evidence to justify the finding of the trial court, that the deed from Smith to Coope and from Coope to Shuttleworth, as well as the mortgage from Coope to Smith and its assignment to Shuttleworth, were fraudulent and void as to the plaintiff, and this finding having been left undisturbed by the Appellate Division, these transferees have such a legal interest in the appeal before this court as to entitle them to defend against the plaintiff's alleged lien on the ground of its invalidity.

(*Jackson* v. *Cadwell*, 1 Cow. 622; *Anderson* v. *Roberts*, 18 Johns. 527.)

In addressing ourselves to the question whether plaintiff's alleged lien is valid or not, we must bear in mind that this is not a court of equity in which the alleged fraud of the defendant owner and his transferees may be considered in determining whether the plaintiff's notice of lien shall be set aside, but a court whose jurisdiction is limited to the review of questions of law, and whose only duty in the case at bar is to decide whether the purely statutory lien asserted by the plaintiff complies with the statute under which the notice was filed. Starting out with the premise that the statute is beneficial in character and is to be liberally construed, and that a substantial compliance with its provisions is sufficient to invest liens with validity and to give courts jurisdiction to enforce them, the first inquiry is, what does the statute require? Section 9 provides that the notice of lien shall state: " 1. The name and residence of the lienor. 2. The name of the owner of the real property against whose interest therein a lien is claimed, and the interest of the owner as far as known to the lienor. 3. The name of the person by whom the lienor was employed, or to whom he furnished or is to furnish materials; or, if the lienor is a contractor or subcontractor, the person with whom the contract was made. 4. *The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof.* 5. The amount unpaid to the lienor for such labor or materials. 6. The time when the first and last items of work were performed and materials were furnished. 7. The property subject to the lien, with a description thereof sufficient for identification; and if in a city or village, its location by street and number, if known. A failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien."

We may assume, for the purposes of this discussion, that plaintiff's notice of lien contains all of the requisites of the 9th section of the statute, except those enumerated in the 4th

subdivision thereof, and we proceed directly to the scrutiny of that part of the notice which is criticised as not being in conformity with the provisions of that subdivision which requires the notice of lien to state " the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof."

Plaintiff's notice of lien recites that " the labor performed and materials furnished, and the agreed price or value thereof is as follows: Under and by virtue of a contract partly written and partly oral made with the said Smith, Coope and Shuttleworth above mentioned, according to specifications in writing and drawings of the improvements herein mentioned, on or about February 24th, 1898, April 25th, 1899, and September 25th, 1899."

We think this recital will be scanned in vain, either (1) for any statement of labor performed, (2) or to be performed, (3) or materials furnished, (4) or to be furnished. The most liberal statutory construction that the imagination can suggest cannot validate this notice of lien unless it contains one or the other of these four requisites according to the facts upon which the plaintiff's claim to a lien is based. Neither can the favorable findings of the trial court avail the plaintiff. Nothing but a judicial repeal of the statute can help him, if his notice of lien is insufficient. It may be that if the specifications and drawings mentioned in the notice had been attached to the latter, there would have been a substantial compliance with the statute, but it seems to us there can be no doubt that a mere general reference to specifications and drawings that may not even be in existence at the time of filing the notice of lien cannot be a sufficient compliance with the subdivision of the statute under discussion. It is urged that the statute does not contemplate a statement of the kind or amount of labor performed or materials furnished by a lienor. We think that is precisely what the statute does require. Such a statement need not necessarily be a specific bill of particulars, but there must be such a general reference to the kind and amount of materials and labor furnished, or to be furnished, as to advise

those who may have a legal interest in the subject of the character and extent of the demand upon which the claim to a lien is based. In other words, there must be a substantial compliance with the requisites of the statute.

Section 9 of the present Lien Law is a substantial re-enactment of section 4 of the statute of 1885 (Chap. 342) except as to subdivision 6, which requires a statement of the time when the first and last items of work were performed or materials furnished. That subdivision is new, as is also the arrangement and phraseology of the whole section, which is now separated into subdivisions, while section 4 of the act of 1885 was not so divided. Section 4 of the act of 1885 required a statement " of the nature and amount of the labor and services performed or the materials furnished or to be furnished," while the present statute requires a statement of " the labor performed or to be performed, or materials furnished or to be furnished." It seems obvious that it will require something more than a liberal construction of the statute to hold that there is any substantial difference between the above-quoted portion of section 4 of the act of 1885, and subdivision 4 of section 9 of the act of 1897. A statement " of the nature and amount of the labor and services to be performed and materials furnished, or to be furnished," is fairly the equivalent of a statement " of the labor performed, or to be performed, and the materials furnished or to be furnished." We think the two are so practically identical that the decisions of this court under either one are authoritative in construing the other.

In *McKinney* v. *White* (162 N. Y. 601, affmg. 15 App. Div. 423) the effect of section 4 of the act of 1885 was passed upon. The notice of lien in that case failed to state the nature and amount of labor and services performed, or of materials furnished or to be furnished, and this court held the notice insufficient. It is said that the case of *Mahley* v. *German Bank of Buffalo* (174 N. Y. 499) is an authority for holding that the notice of lien in the case at bar contains the requisites set forth in subdivision 4 of section 9 of the Lien Law of 1897 ; but we do not so read that case. The only question

there decided was that the notice of lien did not comply with subdivision 6 of the statute now in force, which requires the notice to state the time when the first and last items of work were performed and materials delivered, and which provision, as above stated, was not in the statute of 1885.

We deem it unnecessary to further notice the argument that this court should not place a premium upon fraud by holding that the owner and his fraudulent grantees may nullify the lien of an honest contractor. The simple and conclusive answer to the suggestion is, that a mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens. Even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute, much less a court whose function it is not to administer equity, but to make the law as stable and certain as may be.

The order of the Appellate Division should be affirmed and judgment absolute ordered for defendants on the stipulation, with costs.

O'Brien, J. (dissenting). This was an action to foreclose a mechanic's lien and to set aside certain mortgages and conveyances from the owner to the two defendants who answered as fraudulent. The trial court found that on or about the 24th day of February, 1898, the plaintiff entered into a contract with the defendant Samuel W. B. Smith, whereby the plaintiff agreed to furnish certain materials, consisting of iron work, for the buildings on the premises 115 and 117 West Seventy-ninth street, in the city of New York, and the defendant Smith agreed to pay therefor the sum of eight thousand seven hundred and thirty-seven dollars; that thereafter and on or about the first day of April, 1898, the plaintiff entered upon the performance of said contract and thereafter duly performed all the work and furnished all the materials required by the terms of said contract, and duly

performed the same in all particulars. That all the work had been actually performed and all the materials furnished between the first day of March, 1898, and the 6th day of December, 1899, and that no part of the contract price has been paid except the sum of three thousand four hundred and forty-five dollars and eighty-nine cents, and that there was, at the time of the filing of the lien, remaining unpaid to the plaintiff the sum of five thousand and ninety-one dollars and eleven cents ; that on or about the 22d day of December, 1899, within the time prescribed by law, the plaintiff duly filed a notice of lien, which is a good and valid lien for the amount due on said contract. The court also found that before the commencement of the action the defendants deposited with the clerk the amount of money claimed in plaintiff's notice of lien and interest to the time of said deposit, for the discharge of the plaintiff's lien.

The trial court also found the details of the various transfers from Smith, the original owner who made the contract, to the two defendants who answered in this case, and he found that these transfers and conveyances were made for the purpose of hindering, delaying and defrauding the creditors of Smith, and that they were void as against the plaintiff in this action. Judgment was directed in favor of the plaintiff for the amount demanded in the complaint, with costs.

The judgment was reversed at the Appellate Division and a new trial granted, but the order is silent as to the grounds of the reversal, and, hence, it must be deemed to have been reversed for some error of law. The facts found by the trial court have not been disturbed, and they are sufficient to warrant the judgment ordered for the plaintiff. We must, therefore, be able to find some error of law in the record, otherwise the appeal must be sustained. The only error of law mentioned in the opinion of the learned court below or in the briefs of counsel is that the notice of lien filed by the plaintiff was insufficient. It should be observed that Smith, who made the contract with the plaintiff, has not answered in the case. The only parties who have answered are his fraudulent grantees,

and they make the point that the plaintiff had no lien suf-
ficient to enable him to maintain the action.

It may be assumed that a party who has taken to himself
the debtor's property by means of fraud may protect the fruits
of the fraud by impeaching the validity of the lien of an honest
creditor, but such a defense in a case like this should rest upon
a technicality so formidable that it cannot be overcome by any
fair construction of the statute; so we must examine the plain-
tiff's notice of lien in order to see whether it is so defective
that he cannot maintain this action.

Section nine of the statute prescribes the requisites of such
a notice in the following words:

" § 9. The notice of lien shall state:

" 1. The name and residence of the lienor.

" 2. The name of the owner of the real property against
whose interest therein a lien is claimed, and the interest of
the owner as far as known to the lienor.

" 3. The name of the person by whom the lienor was
employed, or to whom he furnished or is to furnish materials;
or, if the lienor is a contractor or sub-contractor, the person
with whom the contract was made.

" 4. The labor performed or to be performed, or materials
furnished or to be furnished and the agreed price or value
thereof.

" 5. The amount unpaid to the lienor for such labor or
materials.

" 6. The time when the first and last items of work were
performed and materials were furnished."

Section twenty-two of the statute provides as follows:

" § 22. This article is to be construed liberally to secure the
beneficial interests and purposes thereof. A substantial com-
pliance with its several provisions shall be sufficient for the
validity of a lien and to give jurisdiction to the courts to
enforce the same."

In order that the fatal defect which it is claimed exists in
this notice of lien and which it is said renders it absolutely
void for any purpose may be clearly perceived and under-

stood, I have copied the notice in this case in full. Here it is: "I, George H. Toop, residing at No. 1372 Lexington avenue, in the City of New York, Borough of Manhattan, have and claim a lien for the principal and interest of the value and agreed price of the labor and materials hereinafter mentioned pursuant to the provisions of article one of chapter forty-nine of the General Laws of the State of New York and amendments thereto.

" The name of the owners of the real property and improvements against whose interest therein a lien is claimed are Samuel W. B. Smith, Herbert Coope and Edwin Shuttleworth, and the interest of the said owners so far as is known to this lienor is in fee.

" The names of the persons with whom the contract for improvements herein mentioned were made and to whom he furnished materials are the said Samuel W. B. Smith, Herbert Coope and Edwin Shuttleworth. The labor performed and the materials furnished and the agreed price or value thereof is as follows: Under and by virtue of a contract partly written and partly oral made with the said Smith, Coope and Shuttleworth above mentioned according to specifications in writing and drawings of the improvements herein mentioned on or about February 24th, 1898, April 25th, 1899, and September 25th, 1899, and also for certain extra work and materials ordered by said Shuttleworth, all upon the building and premises situate as hereinafter stated for the sum of Eighty-nine hundred and eighty-seven dollars ($8,987.00) with interest on Five thousand and ninety-nine and 11/100 dollars from December 6th, 1899.

" The amount unpaid to this lienor for such labor and materials is Five thousand and ninety-one and 11/100 ($5,091.11) dollars; that the time when the first item of work was performed and materials furnished was about March 1st, 1898, and the time when the last item of work was performed and materials furnished was about December 6th, 1899."

It will be seen that the notice complies with all the provisions of the statute unless it was necessary to specify the par-

ticular kind of labor and the particular kind of material that was provided for in the contract. The contract was to furnish the iron work for the building and the notice of lien refers to the written specifications. The statute requires the lienor to state the labor performed or materials furnished. It will be seen that the notice refers to materials already furnished and to labor already performed and claims nothing for either work or labor to be performed in the future. The claim is for labor performed and materials furnished in pursuance of a completed contract. It does not seem to me that the omission to state the kind of material furnished, whether brick, stone, iron or lumber, vitiated the notice. It was, I think, a substantial compliance with the statute. No party to this action could possibly have been misled by the defect or omission, if it is one. Certainly the original owner, who made the contract, knew what the notice meant when it spoke of labor and materials furnished. He does not defend this action at all, but has made default, and it would seem that his fraudulent grantees stand in his shoes and are affected by his knowledge. Clearly, they cannot claim that they have been misled, and so they are not in a position to urge that the notice of lien is so defective as to be absolutely void as against them or indeed as against any one else.

The purpose of the notice is to inform the parties in interest of the nature and extent of the claim of the lienor, and the notice in question fulfills that purpose in every particular. It is now urged that the notice in this case is so defective that the defendants, who have obtained the title to the property by means of a fraudulent conspiracy with the owner who made the contract, are unable to find out what the plaintiff's claim really is, and hence they have been misled. The result of that contention is that the money deposited by these fraudulent grantees goes back into their own pockets and the honest claim of the plaintiff is defeated. The statute commands us to construe the Lien Law liberally to secure the beneficial interests and purposes thereof, and that a substantial compliance with its several provisions shall be sufficient for the

validity of a lien and to give jurisdiction to the court to enforce the same. This action is one in equity to enforce a lien. The general spirit of equity controls in such cases if the court has jurisdiction. Of course, every one knows that the defendants' contention, that they are misled by the notice, can be nothing else than a mere pretense. The only argument in support of the contention is that we are concluded by authority and must hold that the notice is void.

But, in my opinion, there is no substantial ground for this claim. It is said that this court has decided that the notice in this case is void. I deny that proposition and assert that it cannot be sustained by any authority. The only decision of this court cited in support of that contention is the case of *McKinney* v. *White* (162 N. Y. 601). That is a memorandum decision, affirming without any opinion the same case (15 App. Div. 423), and in order to find out just what doctrine we affirmed we must go back to the *per curiam* opinion in the case below. There we find that the notice of lien and the questions in the case did not arise under the present statute at all, but under chapter 342 of the Laws of 1885, which is quite a different law, since it required, in terms, that the notice should state "*the nature* and amount of the labor and services performed or the materials furnished or to be furnished." The lien in the present case was filed under chapter 418 of the Laws of 1897. (General Laws, ch. 49.) This statute recast previous lien laws and especially section four of the act of 1885, which prescribed the contents of the notice of lien. In recasting the law the legislature produced from a confused mass of verbiage a clear and concise provision, which is section nine of the present law. It will be seen that many words and phrases in the old law were dropped out in framing the new law, and especially and most significantly these words "*the nature and amount of.*" The inquiry suggests itself here as to the intention and purpose of the legislature in dropping out these words from the new statute. They would be just as appropriate in the new statute as in the old unless some change was contemplated. The answer to that question

seems to me very plain. It was for the purpose of obviating just such an objection as prevailed in the case of *McKinney* v. *White*. In the old law it was necessary to state the *nature* of the materials and the *nature* of the labor. The present law, under which the notice of lien in this case was filed, does not require anything of that kind. If it did it is very obvious that the legislature would have retained the words which were expunged. In the present law the requirement is general. In the old law the requirements were more restrictive and specific. The present law requires only a statement of the value or agreed price of the labor and materials. The old law required not only all that but much more, since it required a statement of the *nature* of the materials and the nature of the labor, and that called for details and specifications to indicate the character of the materials and the kind of labor. There is an obvious difference between a requirement to state a thing in general terms and a requirement to state the *nature* of the same thing. The notice in this case states that the plaintiff performed labor and furnished materials of the value and at the agreed price of $8,987.00, and according to written specifications. How could he make his claim any clearer without a bill of particulars or attaching all the specifications to the notice? The defendants were parties to the contract and specifications and proof was given of all the details of the claim, including both labor and materials. So we see that the case of *McKinney* v. *White*, of which so much is said, has nothing to do with this case, and here I will venture to assert that no case can be found in this court where it was held to be necessary to state in the notice of lien under the act of 1897 either the nature of the materials or the nature of the labor.

It cannot be shown that this court has ever made any such decision under the act of 1897, but in my opinion it has held just the contrary. It has decided in a very recent case that a notice of lien much more defective than the one in the case at bar was good and sufficient. The case of *Mahley* v. *German Bank of Buffalo* (174 N. Y. 499) was an action to fore-

close a mechanic's lien, and then as now the objection was made that the notice of lien did not comply with the statute. In that case the notice filed stated that the plaintiff claimed a lien for the sum of $341.25, " the same being for work, labor and materials furnished as hereinafter mentioned. Said amount being the true price and value of such work done and materials furnished after deducting the payments that have been made thereon." It will be observed that the notice in that case was much more defective that the one in the present case, since it did not state either the nature of the materials or the nature of the labor, or even what the gross value was or the original agreed price. The statute plainly requires two things to be stated: (1) The total agreed or contract price or value. (2) The amount unpaid. The statute is as imperative as to the former as it is as to the latter. All that the lienor stated was that he claimed a lien for the sum of $341.25 due after " *deducting the payments that have been made thereon.*" That is a mere balance, as the result of his own calculations, which is much less than the statute requires. It will be observed that the notice of lien in that case was assailed as void, in that it did not comply with subdivision four or six of the statute. The matter that is important here is what the court said about the notice as a compliance with the fourth subdivision of section nine, since if that notice was good under that subdivision, certainly the notice in the case at bar must be good also. It was held in that case that the notice was good under the fourth subdivision, but not sufficient under the sixth subdivision. In regard to the first objection, which is the one made in the case at bar, Judge Cullen, writing for a unanimous court, proceeded to quote section twenty-two of the statute, where it is enacted that " this article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." The learned judge then proceeded in these words: " Full effect should be given to this provision and so far as the appellant's first objection is

concerned, we think that the statement that the value of the work was $341.25 after deducting the payments made on account thereof could be held a substantial compliance with the statute. * * * But under the most liberal rule of construction we cannot find anything in the notice that even attempts to state when the first item of work was done or anything from which that time may be inferred. * * * Errors in the notice may be disregarded and it is not necessary that the precise verbiage of the law should be followed." It seems to me that the doctrine of that case is conclusive as to the sufficiency of the notice in the case at bar. The language of the notice in the present case is much more clear and comprehensive than the language of the notice in the case just cited, and if there is any distinction in the two cases the distinction is in favor of and not against the notice in the present case.

Here we have a notice in which it is stated that the contract price and value of the materials furnished and labor performed was $8,987; that the amount unpaid was $5,091.11; that all the materials have been furnished and all the labor performed under a contract with written specifications. The specifications referred to cover six printed pages of the record, and if the plaintiff had copied them all into the notice of lien he could have added nothing to the knowledge of the owner, who was a party to them, or of the defendants. Now, I am utterly unable to perceive how the notice in the case just cited can be good under subdivision four and the notice in the present case bad under the same subdivision. The statute commands us to view the Lien Law with an open and liberal mind, and not with a jealous eye; and I am disposed to obey it in letter and spirit.

If the notice in the present case is to be held void only for the reason that it fails to describe the materials and the labor, that makes it very difficult to construct a valid notice, and it will be interesting to observe how the rule will operate in practice. I will suppose a very common case where a mechanic or a builder agrees to construct a house for the

owner of a plot of land. He has a written contract in which he agrees to furnish all the material and all the labor to complete the house upon a given date, and then and not until then will he be entitled to the contract price. He performs the contract and completes the house, but the owner or some fraudulent grantee may refuse to pay and so the mechanic or builder may have to file a lien. In his notice of lien he will state that the owner is indebted to him in a specified sum of money, which is the contract price for erecting the house upon the owner's lot; that the contract price is due and unpaid. His untutored mind may readily reach the conclusion that he has a good lien, but he will be greatly mistaken. Although he has complied with all the other provisions of the statute in regard to the nature of the work and the nature of the materials he has not stated half enough. In the first place he has not given the dimensions of the house, since some fraudulent grantee may naturally want to know whether the house built upon the land is a small house or a large one. Moreover, he has not stated the *nature* or character of the house so constructed. He has not stated whether it is of wood, brick, stone, marble, iron or steel, and it is necessary to do that, since he cannot get a lien for any materials that he does not describe, and if it happens, as it often does, that the house is constructed from a combination of all these materials, he must state the relative proportions of each and his trouble then would only have just commenced since he must describe the labor. In the building of a house it is necessary to employ various kinds of labor and various kinds of materials. There is the mason, the carpenter, the painter, the plasterer, the decorator, the plumber and what not, and if he happens to leave out of the notice any of the various kinds of labor or any of the various kinds of materials, he can get no lien for the same, since it is necessary to describe the labor and the materials, and of course that means all the labor and all the materials. This must be the necessary and logical result of the principle we are about to establish, and it is easy to see that it converts an equitable

statute into a trap for the simple and unwary, the very class of people that the statute was intended to protect. This court has great powers in the line of giving construction to statutes and it has always exercised them. In the present case we are expressly commanded to use these powers in order to sustain the lien, and even if the statute was silent in that respect, the most obvious principles of justice would dictate the same result. In view of all this it does seem to me that we might get along with the notice of lien in this case and hold it good rather than to defeat the claims of an honest creditor upon the very narrow and technical contention of the defendants whose title is founded upon fraud. No authority can be found in this court to support the contention and there is abundant authority against it as has been pointed out. It may be useful, however, to add another. The case of *Darrow* v. *Morgan* (65 N. Y. 333) was an action to foreclose a mechanic's lien under chapter 500 of the Laws of 1863. In that case there was an obvious and material defect in the notice of lien, as was conceded. It was a much more material and radical defect than is claimed to exist in the notice in this case, and yet it was held by this court that the defect was not fatal after judgment upon a complaint containing all the necessary allegations ; that the defect might be disregarded or the proceedings amended. It is quite plain that the court did not regard such defects in the notice as jurisdictional, since want of jurisdiction can be raised at any time and can seldom, if ever, be cured by amendment after judgment. I think it has been shown that in this case there was no defect in the notice, but even if there was, it can and should be disregarded. I will only add that, in my opinion, the learned judge who tried this case in the first instance decided it correctly. His decision rests upon broad principles of justice and reflects in a marked degree judicial common sense. He disregarded the objections to the notice, but he looked well to the weightier matters of the law. He sustained the demands of justice, and in doing so, in my judgment, he did not ignore or disregard a single rule or principle of law.

I am in favor of reversing the order appealed from and affirming the Special Term.

Gray, Bartlett, Haight and Vann, JJ., concur with Werner, J.; Cullen, Ch. J., concurs with O'Brien, J.

Order affirmed, etc.