(53 Misc. Rep. 464.)

HURLEY v. TUCKER et al.

(Supreme Court, Special Term, New York County. March, 1907.)

MECHANIC'S LIEN—NOTICE OF LIEN—SUFFICIENCY.

    A notice of lien stated the contract price, payment made, and the sum due and not paid, and an additional amount which would be due on completion of the contract. By addition, the total amount could be ascertained. The notice also stated that a lien was claimed on a stable standing on lots designated by certain numbers on P. street, in the borough of Manhattan, and on lots designated by the same numbers on F. street in the same borough. *Held* a sufficient compliance with Laws 1897, p. 518, c. 418, § 9, stating the requirements of notice of lien.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 214.]

Action by John Hurley against John F. Tucker and others. Judgment for plaintiff on notice.

Lamont McLoughlin, for John Hurley.
Fox, Pierce & Rowe, for Wight-Easton-Townsend Co.
Benjamin F. Edsall, for Empire Brick & Supply Co.

Eustis T. Foster, for Pelham Operating Co.
Wm. F. Kimber, for John Kane.
Isidor Grayhead, for Edmund Coffin.

BLANCHARD, J.　This is an action brought for the foreclosure of a mechanic's lien.　Mechanics' liens are alleged to have been filed against the premises of the defendant Coffin, Nos. 166–172 Perry street, in chronological order by the defendant Wight-Easton-Townsend Company for $10,525.80, the plaintiff Hurley for $9,305.37, the Empire Brick & Supply Company for $4,397.71, the defendant Morrow for $1,000, the Pelham Operating Company for $803, the defendant Stockinger for $820, the defendant Union Construction & Waterproofing Company for $650, the defendant John Kane & Co. for $2,059.10, the defendant Wight-Easton-Townsend Company for $10,525.80, and the defendant Pelham Operating Company for $386.25. The alleged lienors above mentioned were subcontractors and materialmen who furnished work and materials to John J. Tucker & Sons, the contractors of the work.　The defendant Coffin sets up in his amended answer that, after the abandonment of the work by the Tucker firm above mentioned, he proceeded with the work through his architects and finished the construction, and now has $10,480.12 left over for distribution in this proceeding.　The claim and lien of the defendant Wight-Easton-Townsend Company for $10,525.80, being the first alleged lien by said company, is vigorously disputed.　The notice purporting to set forth this lien states that said company "has and claims a lien for the price and value of the labor done and materials furnished, which are hereinafter mentioned, upon the stable in the course of erection located upon the lots and parcels of land in the borough of Manhattan, city, county, and state of New York, known and designated as Nos. 166–172 Perry street."　Thereafter it states the labor and materials and the contract price, and the payments already made, the sum "now earned and unpaid," and the amount which "will be due and owing to claimant when the contract is completed * * * in addition to the said sum," from which, by a process of addition, it may be gathered that the total amount due and owing is $10,525.80. The notice continues with this language:

"That the property to be charged with a lien is described as Nos. 166–172 Ferry street, borough of Manhattan, city, county and State of New York. The amount for which lien is claimed is $1,525.80."

It was held in Toop v. Smith, 181 N. Y. 283, 289, 73 N. E. 1113, 1115, that:

"A mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens. Even a court of equity has no power to breathe the breath of life into a notice of lien that is insufficient under the statute, much less a court whose function is not to administer equity but to make the law as stable and certain as may be."

In the language of the opinion just quoted:

"The only duty in the case at bar is to decide whether the purely statutory lien asserted by the plaintiff complies with the statute under which the notice was filed. Starting out with the principle that the statute is bene-

ficial in character and is to be liberally construed, and that a substantial compliance with its provisions is sufficient to invest liens with validity and to give courts jurisdiction to enforce them, the first inquiry is: What does the statute require?"

Section 9 of the lien law (Laws 1897, p. 518, c. 418) requires that the notice of lien shall state, among other things:

"(5) The amount unpaid to the lienor for such labor or materials. * * * (7) The property, subject to the lien, with a description thereof sufficient for identification, and if in a city or village, its location by street or number, if known."

The notice cannot be amplified by testimony—"by proof of what the lienor intended to express in his notice." Armstrong v. Chisolm, 100 App. Div. 440, 443, 91 N. Y. Supp. 693, 695. The rule was stated in Mahley v. German Bank, 174 N. Y. 499, 501, 67 N. E. 117, 118, that:

"The provision of the statute that the law shall be construed liberally does not authorize the courts to entirely dispense with what the statute says the notice shall contain."

The court will, however, construe the notice as a whole, and will disregard the ambiguities and apparent defects that are cured by the context of the instrument. Martin v. Gavigan Co., 107 App. Div. 279, 95 N. Y. Supp. 14. Since no one appears to have been misled by the alleged defects in the notice of this lien, the rules of construction above mentioned govern the present case with full force. Applying these principles to the present notice of lien, it appears that a lien is demanded, in the first place, for an amount which, by a process of arithmetic indicated in the notice, is plainly $10,525.80; and in, the second place, for an amount stated to be $1,525.80. Under the rules of construction above mentioned these different sums must be regarded as, respectively, the aggregate of the items for which a lien is asked, and the sum purporting to state the total thereof, which latter sum, being obviously incorrect in respect to addition, may be corrected from the context of the instrument. The requirement as to the amount unpaid is therefore satisfied as regards the lien for $10,525.80. The variance in the name of the street upon which the property is situated may be similarly explained. According to the notice, a single lien is claimed under a single contract upon "the stable in the course of erection located upon the lots and parcels of land in the borough of Manhattan, city, county, and state of New York, known and designated as Nos. 166–172 Perry street"; and, again, upon "the property * * * described as Nos. 166–172 Ferry street, borough of Manhattan, city, county, and state of New York." All the details which the statute requires relating to the lien refer to a single lien, and this single lien, according to this notice, refers with equal force to the two distinct parcels of property above mentioned. Under the rules of construction above mentioned, no reason exists for construing these two descriptions as mutually destructive. Since all the requirements of the statute regarding this lien are satisfied by the notice in respect to consideration, time of performance, and so forth, it is submitted that the lien is effective against so much of the property described in the notice as in fact is existent.

The lien first filed by the defendant Wight-Easton-Townsend Company is therefore sustained, and, according to the proof upon the trial, the defendant Pelham Operating Company is entitled to $324 thereof and the defendant Coffin to $2,000 thereof, and the Wight-Easton-Townsend Company or its representative to the balance thereof. The claims and liens above mentioned of the plaintiff Hurley and of the other defendants, excepting only the second lien filed by the Wight-Easton-Townsend Company are allowed in the order of their priority stated according to the amounts proved upon the trial. The amount left over in the hands of the defendant Coffin for distribution in this proceeding is correctly determined by the evidence to be $10,480.12. The items of expense for the completion of the work and the payment made to the defendant Morrow do not appear to have been improperly made, and accordingly are not added to the sum above stated. Submit proposed findings of fact and conclusions of law, and judgment, upon notice.