### FENICHEL v. ZICHERMAN et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. MECHANICS' LIENS (§ 146*)—PERFECTION OF LIEN—COMPLIANCE WITH STATUTE.

　　Where the notice of mechanic's lien did not comply with Lien Law (Consol. Laws 1909, c. 33) § 9, subd. 6, requiring the notice to state when the first and last items of work were performed, the lien was invalid.

　　[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 246–252; Dec. Dig. § 146.*]

2. INTEREST (§ 19*)—ALLOWANCE OF INTEREST—UNLIQUIDATED DEMANDS.

　　A claim for extra work being unliquidated as to amount, interest thereon should not be allowed.

　　[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35–40; Dec. Dig. § 19.*]

Appeal from Special Term, New York County.

Action by Charles H. Fenichel against Bernat Zicherman and another. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

David B. Cahn, of New York City (Herbert H. Maass, of New York City, of counsel), for appellants.

Cohen Bros., of New York City (Lawrence B. Cohen, of New York City, of counsel, and Edgar M. Troutfelt, of New York City, on the brief), for respondent.

---

PER CURIAM. This is an appeal from a judgment entered in an action to foreclose a mechanic's lien.

[1] The notice of lien did not comply with the provisions of subdivision 6 of section 9 of the Lien Law (chapter 33 of the Consol. Laws; chapter 38, Laws of 1909), providing that the notice of lien shall state:

"6. The time when the first and last items of work were performed and materials were furnished."

There was no statement in the notice of lien at bar as to when the last items of work were performed and the materials furnished. The lien, therefore, was invalid.

"The provision of the statute that the law shall be construed liberally does not authorize the courts to entirely dispense with what the statute says the notice shall contain. We are, therefore, constrained to hold the notice of lien insufficient." Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117.

[2] The claim being for extra work, and hence unliquidated, the allowance of interest was error. A personal judgment, however, was proper to the amount of $608.50.

The nineteenth finding of fact is modified, by striking out the statement that the notice of lien therein referred to set forth the time when the last items of work performed and the last items of materials were furnished, and the fifth, sixth, and seventh conclusions of law are reversed, and so much of the eighth as limits the plaintiff to a personal judgment for any deficiency of the amount found due that may remain due him after such sale; and the judgment is modified by striking out the provisions for foreclosure of the lien and a sale of the property, so that it should provide for a personal judgment for the amount found due, without interest up to the time of the judgment, and without costs at the Special Term, and, as so modified, affirmed by this court, without costs to either party.