PHILLIP FARABELLA, Plaintiff, *v.* CAROLINE A. PORTER and Others, Defendants.

Supreme Court, Broome County, November 10, 1927.

Liens — mechanics' liens — validity — liens describing labor performed and materials furnished in excavating cellars as excavating and concrete work substantially comply with requirements of Lien Law and are valid — fact that certain liens did not show dates of first and last items of work performed and materials furnished, does not invalidate liens — certain liens invalid by reason of failure to file same within four months after performance of work and furnishing material.

Mechanics' liens describing work performed and materials furnished in excavating cellars and constructing cellar walls and cellar bottoms on nine lots as excavating and concrete work, to which are attached statements showing the amount charged for each item, substantially comply with the requirements of the Lien

Law and are valid. The fact that certain of the liens do not show the dates of the first and last items of work performed and materials furnished, does not invalidate the instruments, for it appears that the statement as to the dates was inadvertently crossed out of the notice of lien referring to certain of the lots. However, certain of the liens are invalid where the evidence as adduced by plaintiff does not show that said liens were filed within four months after the performance of the work and furnishing the materials.

ACTION to foreclose a mechanic's lien.

*Ralph L. Emmons* [*Harry C. Walker* of counsel], for the plaintiff.

*Howard E. Taylor*, individually and as attorney for the defendants.

RHODES, J. Plaintiff brings this action to foreclose mechanics' liens for labor performed and materials furnished in excavating cellars and building cellar walls and cellar bottoms on nine different lots. The work in question was done pursuant to a single contract entered into between the plaintiff and the defendant William R. Porter, dated November 24, 1925. Plaintiff claims that he performed the work under the contract until the defendants defaulted in making payments, whereupon plaintiff rescinded and filed the liens in question. The parties, through their attorneys, have stipulated and agreed as to the amount for which judgment may be entered upon each separate lien in case the same is held to be valid. The liens relate to said nine separate lots, being Nos. 113, 115, 117, 130, 131, 132, 133, 173 and 210, in Home Lawn Location (so called), situate in the town of Fenton.

The liens in question were discharged by the giving of bonds as provided for by the statute. The defendants Porter are alleged to be the owners of the property; the defendants Pierce and Taylor are sureties upon said bonds and as such sureties their liability is, of course, dependent upon the validity of the liens in question. There are no intervening equities of other lienors.

The defendants claim that all of the liens are invalid because they do not comply with the requirements of the statute in that they fail to state definitely the amount and kinds of labor performed and a sufficient description of the materials furnished to show what labor and materials were actually used in doing the work covered by each of the particular liens. Each of the liens in question described the labor performed and materials furnished as excavating and concrete work. There is attached to each lien a statement showing the amount charged for excavating; the amount charged for the walls constructed, and in addition certain of the liens contain a statement of the amount charged for floors and grading. The Lien Law provides that it is to be construed liberally to secure the beneficial interests and purposes thereof. I think it must be held that the plaintiff has substantially complied

in this respect with the requirements of the statute. Defendants cite in support of their contention: *Pittsburgh Plate Glass Co.* v. *Vanderbilt* (143 N. Y. Supp. 609); *McKinney* v. *White* (15 App. Div. 423); *Fanning* v. *Belle Terre* (152 id. 718). But those cases were decided under the former provisions of the law which was amended in several particulars in 1916, as to the priority of rights of laborers and materialmen. (See Lien Law, § 4, as amd. by Laws of 1916, chap. 507.) One purpose, at least, of requiring a statement in detail as to the nature of the labor or materials furnished is to enable a determination of priorities. In the liens under discussion here there is no such necessity and it seems to me as between the parties interested the statement in the liens is sufficient and constitutes a substantial compliance with the requirements of the statute. (See *Schwartz* v. *Lewis*, 138 App. Div. 566.)

Defendant further claims that the liens on lots Nos. 113, 130, 131, 132, 133, 173 and 210 are invalid in that they do not properly show the dates of the first and last items of work performed and materials furnished. The liens in question were prepared upon printed blanks and it appears from the testimony that by inadvertence the paragraph in question as to the statement of the date of the first and last items of labor performed and materials furnished was inadvertently crossed out of the notice of lien referring to lots Nos. 113, 130, 131, 133 and 210. It is true that the liens must be sufficient in themselves without reference to extrinsic proof as an aid to their terms and interpretation. (*Armstrong* v. *Chisolm*, 100 App. Div. 440.) But I think the same reasoning applies to this objection as stated above in answer to the first objection discussed. There being no intervening equities, and giving the statute a liberal construction, I think it has been substantially complied with in this respect also.

Defendant raises the further objection that as to lots Nos. 115, 130, 173 and 210, the liens were not filed within four months after the completion of the last item of work or the furnishing of materials. As to this contention I think the defendant must prevail. Plaintiff asserts his lien; the burden is, therefore, upon him to establish it, and one of the elements necessary to its validity is proof of filing within four months after the last item of labor and the last item of material furnished.

Plaintiff testified that he had no recollection as to the subject. He stated that the bills accompanying the liens were made up in proportion to the work that was done. " Q. What were they made up from? A. From the work we checked up, that is the work we had done. Q. Who checked that up? A. My stepson." He testified that his stepson went to Rochester and when he left took

the time book with him and that he, therefore, could not get hold of it although he had written to him twice; that a record was kept and that his testimony was based upon dates given by his bookkeeper to his attorney. Neither the bookkeeper nor the stepson was produced to show the accuracy of the records nor how they were kept, nor in what manner the statements attached to the liens, as filed, were prepared or compiled. Plaintiff testified that he did not keep the time book but that he saw it; that he had general supervision of the work. In answer to a question as to what work was done on lot No. 173, he stated: " No, I could not tell what we did. We done some work but I did not think it was necessary to keep track. We had a lump sum contract and thought it was not necessary to keep track of it. Q. Is the same thing true of the rest of the lots? A. I cannot recall what we did." It seems apparent that this was the true situation. Plaintiff was working indiscriminately on the different lots and so far as it appears kept no separate account of labor performed and materials furnished on different lots and that when the liens were made up they were attempted to be " apportioned " in accordance with the work done.

As against this testimony the defendant Porter testified that six cellar bottoms and cellar walls were constructed during the fall of 1925 and January, 1926, being lots Nos. 113, 115, 117, 210, 173 and 130; that the cellar wall or foundation of lot No. 115 was finished about December twenty-eighth or twenty-ninth; that as to lot No. 130 the cellar was dug and the foundation wall built around January first. As to lot No. 173 the foundation was completed by December twelfth; as to lot No. 110 the work on the cellar was done prior to January first. As to lot No. 173 the last work on the foundation wall was done in April; that the last work on lot No. 130, when plaintiff took some forms off the concrete work, was done in January, around the fifteenth; that the forms were taken off the concrete work as to each of the cellars before the construction of the houses was started; that the plaintiff did no work after the construction of the houses was started; that the defendant knew the dates when the construction was started upon the various houses and from those dates was able to determine when the last work was performed by plaintiff and when the last material was furnished by him. The testimony of the defendant is certainly as accurate and convincing as that of plaintiff; in fact, to my mind it is stronger than that of plaintiff because the defendant was testifying as to the dates and facts concerning which he had knowledge. For this reason I do not think the plaintiff has met the burden of proof and must, therefore, fail because he has not shown that the liens were filed within four months after the performance of the work and furnishing materials.

Defendant further claims that the lien on lot No. 131 is invalid because it was filed 121 days after the last item of work was performed and materials furnished. The last item of material was furnished January 24, 1926. The lien was filed May 25, 1926. Defendant claims this is more than the statutory period of four months, and that construction is correct. (See Gen. Constr. Law, § 30.) The lien was, therefore, not filed within the time required by the statute.

Plaintiff is, therefore, entitled to a lien upon lots Nos. 113, 117, 132, 133, and the liens as filed are invalid as to lots Nos. 115, 130, 131, 173 and 210.

The parties having already stipulated the amounts of the liens, plaintiff should have judgment as to the liens which are valid in the amounts stipulated. Decision and judgment to be prepared and settled upon notice or by consent of respective parties.