CHARLES S. UTTERSON, INC., Respondent, Appellant, v. JOSEPH SNYDER, Defendant, Impleaded with THE MARTRESE CORPORATION and Others, Appellants, Respondents, and JOSEPH P. DONNA, Doing Business under the Name of J. P. DONNA COMPANY, Respondent.

First Department, November 2, 1928.

*George Z. Medalie* of counsel [*Edward I. Kaplan* with him on the brief], for the appellant The Martrese Corporation.

*Harry Kopp* of counsel [*Gabriel L. Kaplan* with him on the brief; *Kopp, Markewich & Null,* attorneys], for the appellant Julius Lempert.

*Abraham J. Halprin,* for the appellant Capital City Surety Company.

*Armin Kohn* of counsel [*Maurice Nagler* with him on the brief; *Kohn & Nagler,* attorneys], for the plaintiff.

*John McKinlay Wight,* for the defendant, respondent.

MARTIN, J. The Martrese Corporation was the owner of premises situated at 214 West Fifty-ninth street, borough of Manhattan. The defendant Julius Lempert was lessee of said premises, with a lease running for a period of about twenty years. The building was formerly used as a dwelling house. The defendant Lempert, a physician, was anxious to have the building converted into a sanitarium for use by him in his profession.

The owner arranged to make the necessary alterations. The plaintiff was employed as a general contractor to do the work and supply the materials. The plaintiff did the carpentry work in connection with such remodelling or rebuilding, and employed the defendant Donna to do the tile work. Both plaintiff and Donna have filed mechanics' liens.

It is contended by the lienors that a large amount of work was performed in addition to that provided for in the original agreement between the parties. On January 23, 1923, plaintiff and defendant the Martrese Corporation, through defendant Joseph Snyder arrived at a settlement for all work and materials due up to and including December 31, 1922, after which settlement there remained due to plaintiff $276.

The plaintiff asserts that between January 2, 1923, and May 15, 1923, at the request of the defendants the Martrese Corporation and Julius Lempert, he furnished extra labor including carpenter and tile work and supplied materials in connection therewith; that the fair value of such extra work and materials was $9,543, which included the tile work done by defendant Donna, amounting to $6,330.54, upon which plaintiff says he is entitled to receive for

supervision ten per cent, amounting to $633.05, making a total of $10,176.05. The plaintiff says he received on account the sum of $933 and Donna received the sum of $500, leaving $8,743.06, to which must be added the sum of $276 remaining due after the settlement in January, 1923, making a total of $9,019.05.

The plaintiff paid to defendant Donna the sum of $2,143 so that Donna now says he is entitled to the sum of $4,187.54. These amounts not having been paid, plaintiff instituted this action to foreclose its lien. The liens were bonded by defendant Lempert as principal and the defendant Capital City Surety Company as surety.

After a trial before an official referee, plaintiff obtained a judgment against the defendants the Martrese Corporation, Julius Lempert and Capital City Surety Company for the sum of $4,831.51 and in favor of defendant Donna against the same three defendants and the plaintiff for the sum of $4,187.54.

The appellants have set forth several grounds for the reversal of the judgments. It is urged that the lien filed by the plaintiff is not in compliance with the statute; that it is fatally defective in that it fails to state the amount due for work and materials furnished. (See Lien Law, § 9, subd. 4, as amd. by Laws of 1916, chap. 507.)

The lien in paragraph " 5 " thereof states as follows:

" (5). The amount unpaid to the lienor for said labor performed is....:.....................
The amount unpaid to the lienor for such labor to be performed is.................
The amount unpaid to the lienor for said material furnished is......................
The amount unpaid to the lienor for such material to be furnished is..............
} $8,470 "

A similar lien was passed upon in the case of *Pascual* v. *Greenleaf Park Land Co., Inc.* (245 N. Y. 294). The court there said: " While the defense is technical to the last degree, the defendant surety company is not liable if no judgment can be rendered against the property for the enforcement of the lien. This is a hard case but ' even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute, much less a court whose function it is not to administer equity, but to make the law as stable and certain as it may be.' [*Toop* v. *Smith*, 181 N. Y. 283, 289.] I would be glad to apply the maxim *surplusagium non nocet* but here we have a case of *surplusagium nocet* as we may not strike out words material on their face in order to conform the

notice to the facts agreed on. To make a good notice the statute must be substantially complied with. (*Mahley* v. *German Bank*, 174 N. Y. 499)."

The Lien Law not having been complied with, plaintiff's lien is invalid and a judgment founded thereon must be reversed.

The defendant Donna claims a separate lien under an alleged contract with the tenant. The building in question was being prepared for a tenant. The tenant visited the work frequently, but says that he in no way obligated himself to pay for same. Donna, the subcontractor, testified that the landlord refused to do work of the expensive character demanded by the tenant and the tenant agreed to pay the difference. The tenant not only denies that any such agreement was ever entered into, but is supported by the fact that the contractor or subcontractor never sent a bill of any kind or description to him during the time the work was in progress and never made a demand for payment. The tenant says that he first learned of the claim against him when suit was brought and that the claim was an afterthought; that when the subcontractor realized he could not recover against the landlord, because the claim against the landlord had been released, he then sued him as tenant.

The defendant Donna says his lien is for $4,200 over and above what he was paid for the tile work by the owner or contractor, and reaches this amount on a cost plus basis. He presented a bill setting forth the cost of material and the cost of labor. His books were offered in evidence and it was discovered that they failed to show any such expenditures. The amount of material used cost about $400 or $500. The item for installing the material amounted to about $5,800.

Aside from the fact that it was clearly established that the claim was exaggerated by several thousand dollars, it was also shown that the defendant Snyder, representing the Martrese Corporation, refused to order the work. The evidence that Dr. Lempert agreed to pay the additional amount is unsatisfactory and unreliable. The defendant Donna's books negatived his claim, and his attempt to account for payments of labor from money obtained through loans from relatives and friends was not convincing.

In addition it was shown that the defendant had assigned his claim, the title to which assignment eventually reached the defendant Lempert. The defendant Donna attempted to defeat the effect of the assignment by alleging a part of the assignment was a forgery. The proof failed to establish the forgery.

The judgment in favor of defendant Donna was clearly against the weight of the credible evidence and for that reason should be

reversed. The judgment should, therefore, be reversed as against all the parties appealing and a new tria<u>l</u> ordered, with costs to the appellants to abide the event.

DOWLING, P. J., McAVOY and PROSKAUER, JJ., concur; FINCH, J., d ssents.

FINCH, J. (dissenting). I dissent as to a dismissal of the plaintiff's lien and vote to affirm. As I read the case of *Pascual* v. *Greenleaf Park Land Co., Inc.* (245 N. Y. 294), the lien in the case at bar is sufficient within this authority. Here it appears on the face of the notice of lien that no claim is made by the lienor for labor and material to be performed and furnished. The lien is filed only for labor and material which have been performed and furnished.

Judgment reversed and a new trial ordered, with costs to the appel<sup></sup>ants to abide the event. Settle order on notice.