STEPHEN ZIELINSKI, Plaintiff, *v.* MAUD E. HILTON and Others, Defendants.

Supreme Court, Monroe County, April 30, 1929.

*William S. Zielinski,* for the plaintiff.

Various appearances for the defendants.

RODENBECK, J. The notice of lien is sufficient to include materials furnished on February 1, 1928. The date of the last item of materials furnished is stated in the notice as January 31, 1928, but the claim is given as $4,405.17, which includes the delivery made on February 1, 1928. The amount demanded in the complaint is reduced to $3,726.37, which also includes the material delivered February 1, 1928. The date of the last delivery, as

given in the lien, is obviously an error, and should have been February 1, 1928. The notice of lien is a substantial compliance with the statute, which provides that it shall be liberally construed to secure the beneficial interests and purposes thereof, and that a substantial compliance shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce it. (Lien Law, § 23.) This is not a case of a failure to comply with the statute by omitting the date of the first items of materials furnished (*Mahley* v. *German Bank*, 174 N. Y. 499), or the last items (*Fenichel* v. *Zicherman*, 154 App. Div. 471), or a failure to state the date when the amount claimed became due (*Bradley & Son* v. *Huber Co.*, 146 App. Div. 630), or where the notice of lien did not state the amount due (*Utterson, Inc.*, v. *Snyder*, 224 App. Div. 471), or where it appears that the dates of the first and last items of work performed and materials furnished were inadvertently crossed out of the notice of lien (*Farabella* v. *Porter*, 130 Misc. 680), but rather one calling for an interpretation of the notice of lien. (*Schwartz* v. *Lewis*, 138 App. Div. 566, 568.) If either of the dates had been omitted, the court would be without power to supply them, unless there was something in the lien which would enable it to do so by construction. The court will, however, construe the notice as a whole, and will disregard the ambiguous and apparent defects if they are cured by the contents of the instrument. (*Martin* v. *Gavigan Co.*, 107 App. Div. 279.) The amount demanded in the lien and in the complaint, compared with the amount proven on the trial, shows that the material delivered February 1, 1928, was intended to be included in the lien, and that the date given was, inadvertently, stated as one day before the final delivery. The court cannot " breathe the breath of life into a notice of lien " (*Toop* v. *Smith*, 181 N. Y. 283; *Pascual* v. *Greenleaf Park Land Co.*, 245 id. 294, 299) by supplying omissions to comply with statutory provisions, but it should not impair the usefulness of the statute by a technical construction, when it is borne in mind " that the Mechanics' Lien Law contemplates that the claimant may prepare his own papers." (*Fyfe* v. *Sound Development Co.*, 235 N. Y. 266, 270.)

The plaintiff is, therefore, entitled to include the materials furnished on the day following that given as the date of final delivery, on the ground that it is mere inadvertence exhibited by the amount claimed in the notice of lien and complaint.

So ordered.