Harold Tessler, J.
In this action to foreclose a mechanic’s lien against real property situated in Queens County, the owner thereof, the defendant Bracewood Realty No. 1, Inc., moves to dismiss the complaint for legal insufficiency upon the ground that the notice of lien thereto annexed and made a part thereof is, on its face, fatally defective in that it does not set forth the date when the first items of work were performed and the date when the first items of material were furnished. By separate motion, the plaintiff moves pursuant to section 12-a of the Lien Law (added by L. 1932, ch. 627) to amend said notice of lien nunc pro tunc.
The notice of lien here involved dated February 28, 1961, and filed in the office of the County Clerk of the County of Queens on March 2, 1961, shows on its face that the plaintiff was employed by the defendant T & R Demolition Company, Inc., to furnish labor and material for the improvement of the moving defendant’s premises for the agreed price and value of $16,103.51 upon which there remains an unpaid balance in the sum of $13,905.51 for which the lien was filed. Neither the date when the first items of work were performed nor when the first items of material were furnished is set forth in the notice, nor does it contain the date when the last items of material were furnished. The only date set forth is November 15, 1960, “ the time when the last items of work were performed.”
Section 9 of the Lien Law prescribes the contents of a notice of lien and subdivision 6 thereof provides that it must contain “ The time Avhen the first and last items of work were performed *285 and materials were furnished.” Substantial compliance with all of the requirements of this section is required if the lien is to have validity. (16 Carmody-Wait, New York Practice, § 18, pp. 150,151.)
The owner relies on the decisions in Mahley v. German Bank (174 N. Y. 499) and Fenichel v. Zicherman (154 App. Div. 471), among others. In Mahley, the Court of Appeals held, in 1903, that a notice of lien which failed to state when the first item of work was performed was insufficient. The opinion noted that while there was no particular advantage or object in requiring a statement when the first item of work was done, the court was not authorized ‘ ‘ to entirely dispense with what the statute says the notice shall contain” (p. 501) notwithstanding the provision of the statute that “ the law shall be construed liberally ”. In Fenichel, the notice failed to set forth when the last items of work were performed and the materials furnished. The court, relying upon the Mahley case, held that the lien was invalid.
Both of the foregoing decisions, however, were rendered prior to the addition of section 12-a of the Lien Law, pursuant to which the amendment of the instant notice of lien is sought. Moreover, the notice of lien in the Mahley case, contained no date at all, not even when the last items of work were performed or materials furnished (52 App. Div. 131, 134), a date which is critical in computing the four-month period from which to file a notice of lien (Lien Law, § 10) — a date omitted from the notice of lien involved in the Fenichel case (supra).
Inasmuch as the notice of lien under consideration sets forth the date when the last items of work were performed, this notice has sufficient validity as a mechanic’s lien to be amendable nunc pro tunc under section 12-a of the Lien Law with respect to the work performed although not with respect to materials furnished as to which no date whatsoever has been set forth, presumably because on the face of the notice there appears to be no claim for materials. (Cf. Matter of Teitler v. McDermott & McDonald, 282 App. Div. 953, affd. 306 N. Y. 953.) In Teitler (supra), the verification was not signed by anyone other than the notary public. Yet, notwithstanding the requirement of section 12 of the Lien Law for the verification of the notice by the lienor or his agent, the court held the defective verification subject to amendment under section 12-a of the Lien Law notwithstanding contrary decisions cited in the majority opinion in Fries v. Bray (279 App. Div. 8) which were rendered prior to the addition of section 12-a.
*286 The motion to amend the notice of lien is granted in accordance with the foregoing views, and, inasmuch as the amendment is nunc pro tunc, the motion to dismiss the cause of action to foreclose the mechanic’s lien is denied. Since the plaintiff does not allege any contract of hiring on the part of the owner, its motion to dismiss the second cause of action, which apparently is based upon the contract of hiring by the codefendant, is granted.