### GOODRICH v. BOARD OF EDUCATION OF UNION SCHOOL DIST. NO. 3 OF TOWNS OF GREENWICH AND EASTON et al.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 86*)—SCHOOL BUILDINGS—CONSTRUCTION—LIENS—VALIDITY.

The fact that a party furnishing labor or material in the erection of a schoolhouse under a contract with the contractor subsequently became a member of the school board did not deprive him of the full right to enforce his rights for the labor and material furnished.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 86.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SCHOOLS AND SCHOOL DISTRICTS (§ 86*)—SCHOOL BUILDINGS—PRIORITIES.

A note was given by a contractor erecting a schoolhouse to a bank for money advanced to him to pay his employés. The note was authorized by the president of the board of education, and was to be deducted from the next estimate paid the contractor, and the note contained the words that it be charged to the bond account, which consisted of moneys applicable to the payment of the contractor. The next estimate was fully paid to the contractor. Subsequently, the treasurer of the board, who was the cashier of the bank, paid the note out of the bond account. *Held*, that the authority still remained with the bank after the payment of the first estimate in full to collect the note out of any moneys remaining in the bond account due or to become due the contractor, and its payment was good as against lien claimants who filed their liens subsequently.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 86.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 112*)—LIENS—FORECLOSURE—COSTS.

Under Consolidated School Law (Laws 1894, c. 556) tit. 8, art. 4, § 25, providing the manner in which moneys may be drawn from the funds in the possession of the treasurer of a school board, payment actually made upon a valid debt, though not in the form therein prescribed, is not invalid.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 112.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 87*)—CONTRACTS—PAYMENT OF LIENS.

A board of education contracting for the erection of a schoolhouse had a right to pay liens for work and material furnished, and have allowance therefor as for moneys paid upon the contract for the erection of the building.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 87.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 126*)—COSTS.

In an action to foreclose mechanics' liens against moneys due to a contractor upon a contract for building a schoolhouse, brought against the board of education, no personal charge of costs against the members of the board could be made.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 126.*]

Appeal from Trial Term, Washington County.

Action by Major Goodrich against the Board of Education of Union Free School District No. 3 of the Towns of Greenwich and Easton, in which Kendrick & Brown Company and others were impleaded. From a judgment for plaintiff, the parties impleaded appeal. Modified and affirmed.

The action is an action to foreclose a mechanic's lien against moneys due to a contractor upon a contract for the building of a schoolhouse in the towns of Greenwich and Easton in Washington county. By the judgment the plaintiff is allowed his claim in full. The appellant, a subsequent lienor, receives only a part of its claim and appeals from so much of the judgment as determines the amount applicable to the payment of its claim.

On May 5, 1906, the defendant Richards made a contract with the board of education for the erection of a high school building. The contract price was $40,325. Later certain deductions were made. The board claims the deductions amounted to $442.50. Richards claims they amounted only to $293.75. Richards' contract was completed and the building accepted by the board of education on November 7, 1907. From time to time before any liens were filed the board of education had paid to Richards various sums amounting in all to $35,000. On August 10, 1907, and prior to the filing of any liens, the First National Bank of Greenwich loaned Richards $400 on a demand note signed by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him. This note had upon it the words "charge to bond account." The bond account consisted of the moneys applicable to the payment of the contract. This note was indorsed upon its back: "This note authorized by Dr. Henry Gray, President of Board of Education, and to be deducted from next estimate." The note was not in fact deducted from the next estimate, but the next estimate was in fact paid in full to the contractor, Richards. The treasurer of the board of education was the cashier of this bank, and upon the 31st day of August this note was paid by said treasurer out of this bond account. On the 19th day of August, 1907, a lien for $1,328.35 was filed by J. H. Fielding. On August 30th a lien for $2,500 was filed by Parker & Cleveland. On September 2d a lien for $250 was filed by the Consolidated Electric Company. On September 3d a lien for $853 was filed by the plaintiff. On November 4th the lien of the appellant Kendrick & Brown was filed. The appellant furnished the material for the finishing of the school building, and its lien amounted to $3,293.85. Soon after November 7th the liens of J. H. Fielding, of Parker & Cleveland, and of the Consolidated Electric Company were paid. After the payment of these liens and the payment of the bank note there was left unpaid upon the contract the sum of $354.08. In addition to that the court found that the contractor should be allowed for certain extras in the amount of $1,276.36, which, together with the sum of $354.08, made the sum $1,630.44, to which the aforesaid liens attached. Further facts appear in the opinion.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Chambers & Finn (Daniel J. Finn, of counsel), for appellants.
George W. Curry, for respondent Board of Education.

SMITH, P. J. The appellant first complains that the judgment is defective in not granting to it a deficiency judgment against Richards. With that question the board of education has no concern. It is admitted that such a judgment should have been granted, and its omission is conceded to have been an oversight, caused, as it is claimed, by the respondent by the failure of the appellant to specifically call the attention of the court thereto. An order has been since granted at a Special Term amending the judgment so to provide. But the power of the Special Term is doubted. See Union Bag & Paper Co. v. Allen Bros. Co., 94 App. Div. 598, 88 N. Y. Supp. 368. The judgment should, therefore, be modified on this appeal so as to provide for judgment for deficiency in favor of the appellant as against the defendant Richards.

Various questions are raised which are entitled to a passing notice. The claim that the Fielding lien was unverified would seem to be answered by reference to the statute, which at that time required no verification of such a lien as against moneys held for a municipal improvement. Other informalities in the liens are not sufficient to invalidate them as liens, as the form of the lien substantially complies with the requirements of the law and no prejudice has been shown. Fielding was not a member of the board of education until after the contract was made with Richards, the contractor, and his subsequent accession to the board could not deprive him of the full rights to enforce that contract. Nor does the fact that Gray was interested in the Consolidated Electric Company make invalid the lien of that company or make illegal the payment to the company of the amount of their compensation for work actually furnished and actually accepted by the contractor and by the board of education. The finding of the trial court as to the amount of the allowance made by the contractor for certain changes

in the original plans cannot be said to be against the weight of the evidence, and the principal question upon this appeal arises as to the bank note of $400 made by the contractor, Richards, and afterwards paid by the board. This it is claimed by the appellant was paid without authority.

This note was made by Richards for the purpose of obtaining money for the payment of the wages of employés upon this building. The bank refused to accept the note of Richards without some protection. The president of the board of education was therefore called in, and the indorsement was made upon the back of the note that the same was authorized by the president of the board of education and was to be deducted from the next estimate. The note itself contained the words that it be charged to the bond account. When, therefore, the next estimate was fully paid to Richards, and he accepted the same without any deduction by reason of this note, the authority still remains with the bank to collect the note out of any moneys remaining in the bond account due or to become due to Richards. This authority the law will imply from the circumstances under which the note was given. It probably did not amount to an assignment of so much of the fund, because of chapter 692 of the Laws of 1907, which went into effect a few days before this note was given. At the time that the note was paid, however, except as against the liens that were then filed, the board of education might have paid to Richards, the contractor, this $400, or it might have paid the same to the bank at the direction of Richards after the bank had loaned the same to Richards for the purpose of paying the wages of employés upon this building. Upon the record it appears that the note was charged to the bond account by the order of the president of the board. So that we find the consent both of Richards and the president of the board that the money be paid to the bank.

It is true as against the liens then filed that payment was not good, but the liens then filed have all been paid by the board of education. The question is here raised by the lienor whose lien was not filed for more than two months after this payment. The payment could not have been collusively made as against the appellant lienor, and, whether or not the note with the order thereupon constituted an equitable assignment of any part of the fund, the payment made in good faith was valid, and for it the board of education should have proper allowance. The appellant calls attention to section 25 of article 4 of title 8 of the consolidated school law (Laws 1894, c. 556), which provides for the manner in which moneys shall be drawn from the funds in the possession of the treasurer of the board. That statute, however, does not make invalid a payment actually made upon a valid debt, though not in form as therein prescribed.

The claim that these prior liens were unlawfully paid cannot be upheld. They were paid within three months from the time they were filed, and the board had the clear right to pay them, taking the risk of a subsequent finding that they were not valid claims. After they were paid they naturally would not be renewed, and for their payment the board should have a proper allowance as for moneys paid upon the contract.

One further question remains, and that is as to the costs which were charged to the fund and not to the members of the board personally. We see no reason for any personal charge of costs against the members of the board. They have proceeded lawfully. The litigation was not by their invitation. Claims for extras were made for $2,750, and upon the trial the extras were allowed at only the sum of $1,276. We find no reason for disturbing the judgment except as to the modification above suggested.

Judgment modified by providing for a personal judgment for deficiency in behalf of the appellant lienors as against defendant Richards, and, as modified, affirmed, with costs to respondent board of education against appellant. All concur.