J. V. VROOMAN SONS COMPANY, Respondent, *v.* JOHN B. PIERCE and Others, Respondents, Impleaded with JULIAN P. EYDIUP and Others, Appellants.

Third Department, July 2, 1917.

**Mechanics' liens — foreclosure — priority of lien of daily laborer — right of owners to credit for payment of prior liens — right to credit for payment of claim for liquidated damages based on alleged non-performance of contract.**

The lien of a laborer for daily wages is entitled to preference over all other lienors.

A lien of a laborer for work performed after the notice of lien was filed, but specified therein, was allowable under subdivision 4 of section 9 of the Lien Law, prior to the amendment of 1916.

In an action for the foreclosure of a mechanic's lien, owners of property who have paid the liens of daily laborers who were entitled to priority

may be allowed credit therefor on the amount due from them on their contract.

A finding by the trial court that delay in completing the building was due to a change in plans made at the request of the owners, that such delay was reasonable and necessary, and that the contractor performed all of his work in due time, is a complete answer to the claim of said owners for allowance of payments made by them for liquidated damages based on the alleged non-performance of the contract within the time specified.

APPEAL by the defendants, Julian P. Eydiup and others, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Schenectady on the 10th day of August, 1916, upon the decision of the court after a trial before the court without a jury in an action to foreclose a mechanic's lien.

*Frank Cooper* [*John E. Kelly* of counsel], for the appellant Eydiup.

*Naylon & Robinson* [*William C. Maynard* and *John E. Kelly* of counsel], for the appellants John Jan Brozyna and Katryna Brozyna.

*Nathaniel B. Spalding*, for the plaintiff, respondent.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the respondent John B. Pierce.

*Stephen A. Wolongiewicz*, for the respondent Ernest H. Blanchard.

*Loucks & Alexander* [*John Alexander* of counsel], for the respondent Schenectady Wall Plaster Company.

COCHRANE, J.:

This action was instituted in November, 1915, for the foreclosure of a mechanic's lien.

The appellant Eydiup appeals because his lien though allowed in full has been denied priority. He was a laborer for daily wages as the trial court has found, and consequently is entitled to preference over all other lienors herein. (Lien Law, § 13.) His lien included labor performed after the notice of lien was filed, but specified in the notice. This

was allowable under subdivision 4 of section 9 of the Lien Law prior to the amendment thereto by chapter 507 of the Laws of 1916. (*Vitelli* v. *May,* 120 App. Div. 448; *Toop* v. *Smith,* 181 N. Y. 283.)

The appellants Brozyna are the owners of the property. Before answering herein they paid the liens of Urbanzik, Marcinek and Krawezaki, and claim credit on the unpaid contract price for the amount of such payments. Those lienors were laborers for daily wages and were entitled to priority for the same reasons as stated in reference to the Eydiup lien. The trial justice refused the owners credit for those liens because they had voluntarily paid the same, and because such liens were not alleged in the pleadings. It is found, however, that the liens were valid and the amounts thereof have been determined. The owners had a clear right to pay them. (*Goodrich* v. *Board of Education,* 137 App. Div. 499.) And the existence of these liens and the fact of their payment by these appellants was sufficiently pleaded in their answer. They are entitled to credit, therefore, on the amount due from them on their contract.

The owners make further specifications of error because certain other claims paid by them and a claim for liquidated damages based on the alleged non-performance of the contract by the contractor within the time therein specified were disallowed. It has been found, however, by the trial court that the delay in completing the building beyond the specified time was due to a change in plans made at the request of these owners and that such delay was reasonable and necessary, and that the contractor performed all of his work in due time. Such finding is a complete answer to the claim of these appellants in that particular.

The judgment should be modified in accordance with this opinion and as so modified affirmed, with one bill of costs of this appeal to the appellants payable out of the fund.

All concurred.

Judgment modified in accordance with opinion, and as so modified unanimously affirmed, with one bill of costs of appeal to appellants payable out of the fund.